Jerry K. CLARK et al.,

v.

Dr. Harold BROWN, Secretary of the Air
Force, Appellant.

No. 22906.

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1969.

Decided May 29, 1969.

Mr. Robert E. Kopp, Atty., Department of Justice, with whom Mr. Morton E. Hollander, Atty., Department of Justice, was on the motion for appellant. Messrs. David G. Bress, U. S. Atty., at the time the motion was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the motion was filed, entered appearances for appellant.

Mr. John I. Heise, Jr., Washington, D. C., with whom Mr. Thomas H. King, Washington, D. C., was on the motion, for appellees.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

This case involves the question whether plaintiffs, appellees in this court, are members of the Ready Reserve of the Air Force or the Standby Reserve. When they were asked, on the occasion of their annual military personnel record review, to renew or extend their agreement to stay in the Ready Reserve, they declined to do so. Since plaintiffs already had the requisite military service specified by regulations, they were entitled to terminate their ready reserve status. As District Judge Gasch pointed out in his opinion, the pertinent Air Force regulations provide expressly: "If at that time [annual military personnel record review] the member does not renew his Ready Reserve Agreement, he will be immediately reassigned" [1] to the Standby Reserve. We agree with the reasoning of Judge Gasch that this operated to transfer plaintiffs outside the group of members who were subject to call up as members of the Ready Reserve.

This construction is fortified by the fact, which we have ascertained on further inquiry, that the standard ready reserve agreement prescribed by regulations only obligates the member to stay in the reserve for the period expiring with his annual military personnel record review. The government argues that the Air Force regulations are for the benefit of the Air Force not the members of the reserve; that the undertaking of the Air Force to transfer the member to the Standby Reserve is not self-executing and he must also make application therefor. We attach no decisive consequence to the fact that the

1. Air Force Manual 35-3, para. 39-7(c) (2) (a).

members' position was not set forth in a formal writing. Their oral statements came at a time of undoubted significance to all concerned, the occasion of the annual Military Personnel Record Review prescribed by regulation pursuant to statutory provision, *see* 10 U.S.C. § 271 (1964). That is enough. These members of the Ready Reserve are entitled to be treated as though the Air Force had complied with its own regulations, including the procedures provided for obtaining the consent of the state governor to the transfer to the Standby Reserve.

Affirmed.