**Stephen C. ANSTED, Plaintiff-Appellant,**

**v.**

**Stanley R. RESOR, Secretary of the Army, and Vernon P. Mock, Commanding General, Fifth United States Army, Fort Sheridan, Illinois, Defendants-Appellees.**

**No. 18352.**

United States Court of Appeals, Seventh Circuit.

Jan. 29, 1971.

Rehearing Denied Feb. 23, 1971.

Michael T. Dugan, II, W. T. Laswell, Owen M. Mullin, Indianapolis, Ind., for plaintiff-appellant.

Stanley B. Miller, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for defendants-appellees.

Before FAIRCHILD and KERNER, Circuit Judges, and CAMPBELL, Senior District Judge.*

KERNER, Circuit Judge.

Plaintiff-appellant, Stephen C. Ansted, brought suit in the district court for declaratory judgment to determine the lawfulness of orders commanding him, a member of the Army Reserve, to involuntary active duty for failure to satisfactorily attend required active duty training. The complaint requested that the district court preliminarily and permanently enjoin the defendants, Army officials, from taking any enforcement action through their officers, agents, and subordinates, with respect to said orders and to declare the active duty orders invalid, void and of no effect.

On May 7, 1969, Ansted was ordered to report for a fifteen-day active duty training period with his reserve unit. Ansted failed to comply with the orders and on June 16, 1969, the appellant's unit commanding officer recommended to higher authority that Ansted be involuntarily ordered to active duty pursuant to Army Regulation No. 135–9 [1] for

---

* The Honorable William J. Campbell is sitting by designation from the United States District Court for the Northern District of Illinois.

**1. RESERVE COMPONENTS POLICIES AND PROCEDURES GOVERNING SATISFACTORY PARTICIPATION**

1. Purpose. This circular prescribes policies, procedures, and responsibilities pertaining to satisfactory completion of the Ready Reserve service obligation and enforcement procedures pertaining thereto for certain enlisted male personnel of the Reserve components as set forth in DOD Directive 1215.13, dated 23 February, 1967.

2. Effective date. This circular is *effective 1 July 1967*, except as provided in paragraph 20.

3. Applicability. *a.* The instructions contained in this circular are applicable to enlisted members of the ARNG and USAR who have an unfulfilled Ready Reserve obligation and who have not served on active duty/ACDUTRA (to include annual active duty for training, full-time training duty, and annual field training) for a combined period of 24 months.

*b.* Whenever the instructions set forth herein conflict with regulations, the provisions of this circular apply.

4. Policy. *a.* Nonprior service personnel previously enlisted in units of the Reserve components or who are enlisted under other Reserve component programs requiring unit participation and those who enlist in the future are required to participate satisfactorily in paid drill units of the Reserve components for the full period of their Ready Reserve obligation.

unsatisfactory participation in the Army Ready Reserve. On October 11, 1969, orders to involuntary active duty were issued directing plaintiff to report not

*b.* Those individuals who fail to attend prescribed unit training without proper authority or who, because of change in residence, job interference or other reasons, are unable to continue serving in a unit, will be ordered to active duty for 24 months less any period of active duty, active duty for training, or annual field training which they may have served previously. Inactive duty training assemblies may not be counted against the period of active duty. As exceptions to the policy—

  *   *   *   *   *

10. Unexcused absences from an ACDUTRA/AFT. A member fails to participate satisfactorily when he fails, without proper authority, to attend annual active duty for training (ANACDUTRA) or, in the case of the Army National Guard, annual field training (AFT). In such cases—

*a.* A member will be ordered to active duty for a period which, when added to his prior service on active duty, active duty for training, annual field training, or full-time training duty, will total 24 months.

*b.* The following procedures will apply:

(1) The unit commander will determine if the member was notified in sufficient time to comply, and whether or not emergency or cogent reasons existed for his absence.

(2) Upon determining that the member was notified in sufficient time to comply, and that no emergency or cogent reason existed for his absence, the unit commander will reduce to grade E-2 a member in grade E-3, and will forward a request to the appropriate area commander, corps commander, or State Adjutant General (including a recommendation for reduction to E-2 of a member in grade E-4 or higher) that the member be ordered to active duty. The unit commander will immediately notify the member of the action taken, and advise him that he will be required to enter active duty on or about 30 days after this notification. The unit commander will at this time submit DD Form 44 to the member's Selective Service board designating the member as an unsatisfactory participant who is being reported for order to active duty under provisions of Public Law 89-687.

  *   *   *   *   *

20. Appeals. *a. General.* An individual who has been denied a requested discharge or delay in order to active duty may appeal such denial. The appeal will be submitted within 15 days of the member's receipt of a denial; it will explain those facts pertinent to his case which he feels were not fully considered, and may include any additional appropriate evidence which the applicant may wish to present.

*b. How submitted.* Requests for appeals will be submitted through the unit commander to the commander having authority to approve discharges or delays as prescribed in paragraphs 16*a* and 19*a* as appropriate.

*c. Authority to act on appeals.* The approving authority may act on such appeals when the decisions are favorable to the individual concerned. When denial of an appeal is indicated, however, he will forward the request and pertinent records, together with his recommendations, to Headquarters, Department of the Army for final determination as follows:

(1) *Denial of appeal for discharge.*

(*a*) State adjutants general will forward denial of appeals for discharge to the Chief, Office of Reserve Components, through Chief, National Guard Bureau, Department of the Army, Washington, D.C. 20310.

(*b*) Agencies of Headquarters, Department of the Army, area commanders and CO, USAAC, will forward denial of appeals for discharge to Chief, Office of Reserve Components, through Chief, Army Reserve, Department of the Army, Washington, D.C. 20310.

(2) *Denial of appeal for delay*

(*a*) State adjutants general will forward denial of appeals for delay to the Commanding Officer, U. S. Army Reserve Components Personnel Center, Fort Benjamin Harrison, Ind. 46249, through Chief, National Guard Bureau, Department of the Army, Washington, D.C. 20310 for processing under AR 601-25.

(*b*) Area commanders and CO, USAAC, will forward denial of appeals for delay to the Commanding Officer, U. S. Army Reserve Components Personnel Center, Fort Benjamin Harrison, Ind. 46249 for processing under AR 601-25.

*d. Appeal of involuntary order to active duty.* If an individual appeals his involuntary order to active duty for reasons other than those specified in this regulation, the denial of such appeal will be forwarded to CO, USARCPC, in accordance with *c*(2) (*a*) or (*b*) above, as appropriate.

  *   *   *

later than November 19, 1969, to Fort Leonard Wood, Missouri, for a period of active duty of one year, five months, and twenty-two days.

The district court judge refused to review the exercise of Army discretion which determined that: (1) plaintiff was physically fit for active duty, and (2) that plaintiff was not properly excused from the fifteen-day active duty reserve training period. Instead, the district judge chose to treat plaintiff's law suit as a mandamus action, see Smith v. Resor, 406 F.2d 14 (2d Cir. 1969), and decided that the evidence before him was unclear as to whether plaintiff was afforded all of his administrative rights pursuant to the Army's own regulations, and ordered the defendants make available to the plaintiff all the procedures which the Army has established for review of the orders to involuntary active duty. The district judge further ordered that plaintiff's orders to active duty be stayed to allow plaintiff to institute an appeal within the Army's procedural structures.

Consequently, plaintiff, pursuant to Army regulations, submitted his request for appeal of his orders to involuntary active duty to his unit commander who forwarded it to the Commanding Officer, United States Army Components Personnel Center. Pursuant to this request, an Army Appeal Board was convened and the Board, after reviewing plaintiff's military personnel records, the letter of appeal and several forwarding command endorsements, recommended that plaintiff's appeal be disapproved. This recommendation was ratified by the convening authority.

Subsequently, Ansted returned to the district court with a petition to further stay his orders past the date the district judge had set to allow Ansted to avail himself of Army procedures. Ansted alleged in his petition for stay that the Army appeal procedures denied him a hearing before the board with assistance of counsel, right of confrontation, and cross-examination and thus were not commensurate with due process, and violated plaintiff's constitutional rights. The district judge found that the Army regulation for appealing involuntary orders to active duty, AR 135–91 (20),[2] did not provide for a hearing and other correlative incidents, but provided that appeal should be determined on the basis of written application. The district judge concluded, however, that the plaintiff "was afforded due process under applicable statutes, military procedures and regulations" and denied the petition for a stay. Ansted appealed and also moved for an emergency stay pending that appeal which this court granted.

The trial judge chose to treat plaintiff Ansted's original complaint challenge, the validity of his orders to involuntary active duty, as a mandamus action. Yet the record on appeal is devoid of any final disposition of plaintiff's complaint and, consequently, we do not have a final order upon which to base our appellate jurisdiction pursuant to 28 U.S.C. § 1291. See e.g., McMahan v. Johnston, 163 F.2d 783 (9th Cir. 1947).

We find, however, that Ansted's petition for a stay of his involuntary active duty orders was, in fact, a request to enjoin his orders pending a determination whether the Army appeal procedures deprived him of due process. The district court's denial of the stay order was an interlocutory order refusing an injunction and, therefore, is appealable under 28 U.S.C. § 1292(a).

Directing ourselves to the merits of Ansted's appeal, we hold that plaintiff's

2. See footnote 1, *supra.*

constitutional rights were not violated by the absence of a hearing, with representation of counsel, right to subpoena, confront witnesses, and present oral evidence, at his appeal of his involuntary activation orders. Neither the statute providing for the activation of reservists, 10 U.S.C. § 673(a), nor the regulation setting up the activation procedures, AR 135–91, gives an involuntary activated reservist a right to a personal hearing in such an appeal.[3] When Ansted agreed to and signed his enlistment contract, he consented to induction into active service should he fail to participate satisfactorily in the Army Reserves. Cf. Gianatasio v. Whyte, 426 F. 2d 908, 911 (2d Cir. 1970). He also contracted to be subject to the statutes and regulations which provide for the appeal of activation orders. While Army Regulation 135–91 does not provide for a personal hearing on appeal, it allows the appellant to include in his appeal in written form all "appropriate evidence which the applicant may wish to present." We find that this procedure provided reservist Ansted with sufficient protection of his constitutional rights and hold that a full personal hearing was not required as a matter of contractual law or as a matter of constitutional law. Cf. Gianatasio v. Whyte, 426 F.2d 908 (2d Cir. 1970); Smith v. Resor, 406 F.2d 141 (2d Cir. 1969); Morse v. Boswell, 289 F.Supp. 812, 816, n. 4 (D.Md.1968), aff'd 4 Cir., 401 F.2d 544.

Consequently, we affirm the district court's denial of appellant Ansted's petition for a stay. In addition, we assume that since there is not a final judgment on Ansted's original declaratory judgment complaint, the district court will forthwith issue such final order.

Affirmed.

---

3. Army Regulation 135–91 was amended and now presently provides the right to a hearing.