Christy P. MIELKE, Plaintiff,

v.

Melvin LAIRD, Secretary of Defense for the United States, Defendant.

No. 70–C–679.

United States District Court,
E. D. Wisconsin.

March 16, 1971.

Berk & Pressentin, Green Bay, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment. The complaint in this

case avers an unlawful attempt to induct Mr. Mielke, a reservist, into the United States army for having accumulated five unexcused absences from training meetings.

In his complaint, Mr. Mielke charges that the defendant refused to accept the medical explanation of the last unexcused absence, even though it was corroborated by a statement from a physician; it is alleged that this conduct on the part of the defendant was "arbitrary and capricious".

The second ground relied upon by the plaintiff is that his review was denied "without hearing". It is clear, however, that the plaintiff is referring principally to the fact that he was denied a personal appearance before the Involuntary Active Duty Appeal Board.

■ The defendant correctly concludes that the denial of the right to a reservist's personal appearance before the army review body is not actionable in this court. In Ansted v. Resor, 437 F.2d 1020, 1024 (7th Cir. 1971), the court said:

"While Army Regulation 135–91 does not provide for a personal hearing on appeal, it allows the appellant to include in his appeal in written form all 'appropriate evidence which the applicant may wish to present.' We find that this procedure provided reservist Ansted with sufficient protection of his constitutional rights and hold that a full personal hearing was not required as a matter of contractual law or as a matter of constitutional law."

While the defendant is thus, in my opinion, correct in his foregoing contention, I reach a different result with regard to plaintiff's claim that defendant's rejection of his medical excuse was arbitrary and capricious. This presents a factual dispute which on its face necessitates an evidentiary hearing. The defendant, however, relies upon a statement in Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971), wherein the court considered a reservist's claim that his unexcused absences stemmed from his unit commander's determination that his hair style violated the army's regulation as to "neat and soldierly appearance". The court discussed the discretion given to unit commanders in dealing with the appearance of men under their command and then said:

"* * * This, as we have already indicated, is the sort of discretion that is beyond the review of civil courts."

Understandably, the defendant in the case at bar interprets the foregoing quotation as removing the matter of the army's exercise of discretion from the field of judicial intervention.

On the other hand, in another case involving unexcused absences, Konn v. Laird, 323 F.Supp. 1 (E.D.Wis.1971), this court denied the reservist's request for a preliminary injunction at a non-evidentiary hearing; upon appeal, it was ordered that the case be remanded for a "full evidentiary hearing on the complaint". Thus, on the one hand, in Anderson, the court of appeals has said that the army's discretionary determination as to an unexcused absence was "beyond the review of civil courts". But in Konn, the court of appeals, in an unpublished order (No. 18927, dated December 14, 1970), held that the district court was obligated to hold a "full evidentiary hearing" on a reservist's claim that his unexcused absences were improperly charged against him.

■ It should also be noted that unlike Anderson, which involved "luxuriant growth of hair", both Konn and the case at bar involve a claim of medical disability. Faced with the apparent inconsistency between Anderson and Konn, I conclude that the court should apply the rule in Konn and therefore must reject the defendant's motion for summary judgment. I find that the plaintiff is entitled to an evidentiary hearing on his claim that his medical excuse was arbitrarily rejected.

Now, therefore, it is ordered that the defendant's motion for summary judgment be and hereby is denied.