**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Harold Richard KIRKPATRICK, Jr.,**
**Defendant-Appellant.**

**No. 71-1038.**

United States Court of Appeals,
Tenth Circuit.

Sept. 2, 1971.

James L. Treece, U. S. Atty., and John W. Madden, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Jacqueline Vermeulen, Englewood, Colo. (Peter H. Ney, Englewood, Colo., with her on the brief), for defendant-appellant.

Before HILL, SETH and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Harold Richard Kirkpatrick, Jr. was classified II–S, a student deferment, in February of 1966. On December 25, 1969, he wrote his draft board that he was opposed to the "genocidal war machine" and that he refused to accept a II–S deferment any longer. The local board mailed Kirkpatrick SSS Form 127 and SSS Form 150. Form 127 is the Current Information Questionnaire and Form 150 is a conscientious objector application.

Kirkpatrick was ordered to report for a physical exam on April 15, 1970. He passed the physical. On May 15, 1970, the draft board notified him that he was to report for induction on June 1, 1970. He appeared at the induction center on that date but refused to be inducted. At this time he tendered a letter to the officials at the induction center indicating his conscientious objections to the service.

Kirkpatrick was indicted on October 6, 1970 for failure to report for induction in violation of 50 App. U.S.C. § 462(a). He pleaded not guilty and was tried to the Court. He was adjudged guilty and was sentenced to two years imprisonment under 18 U.S.C. § 4208(a)(2) on December 11, 1970. He appeals from that conviction.

Kirkpatrick contends that he did not receive SSS Form 150. The trial court found that he did receive it, based on the evidence presented. 32 CFR 1641.3 states that the mailing of any order or blank by the Local Board to a registrant at his last reported address constitutes notice to him of the communication whether or not he receives it. There was evidence that SSS Form 150 was mailed. The trial court properly concluded that Kirkpatrick received the Form. The Court also correctly found that the letter Kirkpatrick wrote in December of 1969 did not constitute a statement of conscientious objection.

Between the time of his induction notice and the date he was to report for induction, Kirkpatrick obtained letters from two physicians stating that he had a history of allergies, asthma, hay

fever and sinusitis. He contends that these letters constituted a change in his status over which he had no control, thus requiring that his file with the local board be reopened. 32 CFR § 1625.-2. He also alleges that military procedures were not followed after the letters were presented, in compliance with 32 CFR § 1628.2 which requires a medical interview when evidence is submitted which indicates to the local board that the registrant may have a disqualifying condition. The Chief Medical Officer reviewed the letters at the induction center and determined that they did not meet the criteria of Army Regulation 40–501. No prima facie showing was made that Kirkpatrick was unqualified for military service. The letters did not state that Kirkpatrick had a chronic atrophic rhinitis, severe, uncontrollable hay fever or a perforated nasal septum as required by AR 40–501 in order to constitute disqualification for service. Accordingly, no medical examination was required under AR 601–270 and there was no change in status over which the registrant, Kirkpatrick, had no control. The letters were properly treated and considered by the armed forces. There was no need to have them considered by the local board.

■ Kirkpatrick alleges that his draft board should have reopened his file once he submitted his conscientious objector claim by written statement presented to authorities at the time of his induction on June 1, 1970. He contends that this claim constituted a "change in the registrant's status resulting from circumstances over which the registrant had no control". 32 CFR § 1625.2. The United States Supreme Court recently held that the local board is not required to consider a claim made after induction notice is received for a classification change to a conscientious objector. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). Regulation 1625.2, according to the Ehlert case, is to be confined to such "objectively identifiable" and "extraneous" circumstances that will prove manageable without placing extra burdens on the Selective Service System, such as injury or death in the family leaving the registrant as the sole surviving son. Under this interpretation, it is proper to conclude that military channels should have been employed here in light of the fact that Kirkpatrick's claim was made after his induction notice had been received. To hold otherwise would place extra burden on the Selective Service System.

Prior to the Ehlert case this court held that the crystalization of beliefs of conscientious objection, occurring after the issuance of an induction order, could constitute a change in status resulting from circumstances over which the registrant had no control. Martinez v. United States, 384 F.2d 50 (10th Cir. 1967), cert. denied 390 U.S. 1016, 88 S. Ct. 1269, 20 L.Ed.2d 166 (1968); Keene v. United States, 266 F.2d 378 (10th Cir. 1959). These cases have been vitiated by Ehlert, together with the Second Circuit cases relied upon by the appellant, United States v. Holmes, 426 F.2d 915 (2d Cir. 1970), app. pending; and United States v. Stafford, 389 F.2d 215 (2d Cir. 1968), and other circuit cases which conflict with Ehlert.

The Ehlert decision is controlling. There was no need for the local board to reopen Kirkpatrick's file. Kirkpatrick had the right to pursue his claim through military channels once he was inducted into the service.

We affirm.