**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steven Allen FOUST, Defendant-Appellant.**

**No. 71–1338.**

United States Court of Appeals, Tenth Circuit.

March 24, 1972.

654

John W. Madden III, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Joseph Saint-Veltri, Denver, Colo., for defendant-appellant.

Before SETH and DOYLE, Circuit Judges, and MECHEM *, District Judge.

MECHEM, District Judge.

Steven Allen Foust was convicted for failure to submit to induction in the Armed Forces of the United States pursuant to 50 U.S.C. App. § 462(a). This appeal was brought to determine whether it was plain error pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure for the district court to take judicial notice of the Selective Service mail regulation, 32 C.F.R. § 1641.3. The argument in essence is that the reading of this section, together with the court's comments and instructions to the jury created an irrebuttable presumption in violation of the due process clause of the United States Constitution.

No objection was made during trial to the Government's reading of the regulation nor to the court's taking judicial notice of it. The burden is on the appellant, therefore, to show that the reading of the regulation constituted plain error resulting in manifest injustice.[1]

The following is a summary of the events which led to the appellant's arrest and conviction.

On February 20, 1970 an order to report for induction was mailed to Foust at his last known address to report on March 16, 1970. He failed to submit to

* Of the District of New Mexico, sitting by designation.

1. United States v. DeLuzio, 10th Cir. (decided January 18, 1972), 454 F.2d 711.

United States v. Wheeler, 10th Cir., 444 F.2d 385 (1971).

induction on that date or at any time prior to the time of his indictment. (Trial Transcript (TT) pp. 27, 28.). On August 24, 1970, agents of the Federal Bureau of Investigation interviewed Foust at the business address of his sister. (TT p. 38.) He was indicted for failure to submit to induction on October 6, 1970.

The regulation upon which defendant's appeal is based reads as follows:

> *Communication by Mail.* It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. *The mailing of any order*, notice, or blank form *by the local board to a registrant at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually received it or not.* (emphasis added.)

It is the emphasized part of the regulation which appellant claims constitutes the irrebuttable presumption.

The Third Circuit has held in United States v. Bowen, 414 F.2d 1268 (1969) that the reading of § 1641.3 in the charge to the jury created an irrebuttable presumption. Based on this, it reversed the conviction of Mr. Bowen because of the possibility that this portion of the charge might have been "at the root of the jury's verdict".

That court found that because the content of the regulation was instructed on it precluded the jury from considering Bowen's claims that he did not receive the forms even if they were inclined to believe him.[2]

The *Bowen* case is distinguishable from the case before us. Here the Government's attorney requested at the conclusion of his case-in-chief that the court take judicial notice of two regulations. The first dealt with the appellant's continuing duty to report and the second is the regulation upon which this appeal is brought.

Before either of the regulations was read the trial judge asked defense counsel if he had had a chance to read the regulations, to which he answered in the affirmative. He then asked whether he desired a copy for the purpose of following the reading and whether he had any objections to the reading. These inquiries were answered in the negative. After the first regulation was read the trial judge made the following comment:

> "Ladies and gentlemen, I am going to interrupt here for just a moment to explain something while it is fresh in my mind. Later in the case when I give you the detailed instructions, I am sure I am going to tell you that the evidence is that that you hear from the witness stand and from the witnesses, and I am going to say something to the effect that that which the lawyers say is not evidence. Now, there is an exception to that, and I want to be sure that I cover it while it is fresh in my mind. Where Mr. Branch reads to you material which is by stipulation part of the record or which the court judicially notices, you may consider that as evidence. And if I later say carelessly that nothing that the lawyers say is evidence, I want to explain to you that what we have just heard from Mr. Branch is evidence." (TT pp. 48, 49.)

The only reference to § 1641.3 made during the charge to the jury came when the court was instructing general-

---

2. The relevant portion of the district court's instructions was as follows:

"Admittedly all matters sent to the defendant were sent by ordinary mail. None of it was returned, as I recall, as undelivered by the postal authorities. There is no requirement in the law, ladies and gentlemen, that notices must be sent by certified mail, or registered mail, or in any special manner. It is perfectly proper to use ordinary mail. And the presumption is that mail so sent is received. Indeed, under a Selective Service Regulation the mailing of any order, notice, or blank form, to a registrant at the address last reported by him to his local board, shall constitute notice to him of the contents of the communication whether he actually received it or not."

ly that the statements and arguments of counsel are not evidence. At this point the trial judge stated:

"Now, here I interrupt to remind you of the exception to the statement concerning the remarks of counsel which I commented on during the trial." (TT p. 138.)

The problem that the Third Circuit faced[3] is not present in this case. The instructions given to the jury in the case here made no reference to the regulation being law which must be followed. The most that was said of the regulation was that it was evidence to be considered along with all of the other evidence of the case. The stock instructions on "burden of proof", "specific intent" and the definition of "knowingly done" and "willfully done" were given to the jury making it clear that the jury must find beyond a reasonable doubt that the defendant knowingly and willfully failed to appear for induction.

■ It can hardly be said that the reference during the instructions or the reading of the regulation at the close of the Government's case-in-chief (where the judge carefully explained that this was *evidence* in the case) created an irrebuttable presumption as to the element of notice.

■ The constitutionality of § 1641.3 has never been challenged in this circuit and its use in a criminal case has been approved recently in United States v. Kirkpatrick, 446 F.2d 1371, 1372 (1971). We need not reach the question of the regulation's constitutionality here, how-

ever, as it does not appear that the Government relied on the regulation to any degree.

The indictment upon which the appellant was charged states in part that "from the 16th of March, 1970 and continuing to the date of the Indictment, which date was October 6, 1970 Foust willfully and knowingly failed and neglected to perform a duty required of him." The trial judge read the indictment to the jury during instructions, repeated the dates of the indictment in the essential element charge and then stated: (TT pp. 133–135.)

"Regardless of the time when or the circumstances under which a registrant fails or has failed to report for induction pursuant to an order to report for induction, it shall thereafter be his continuing duty from day to day to report for induction to his Local Board and to each Local Board whose area he enters or in whose area he remains."

■ There is no question that this instruction accurately states the law. White v. United States, 403 F.2d 1005 (8th Cir. 1968), cert. denied 394 U.S. 920, 89 S.Ct. 1196, 22 L.Ed.2d 454 (1968).

The defendant admitted (TT p. 85) that he had received actual notice of the order to report sometime in July of 1970 when he talked to his mother on the phone.[4]

Further, the testimony of Special Agent Hays who interviewed Mr. Foust on August 24, 1970, over a month before

---

3. "From our reading of the charge, it is unclear whether the jury was instructed that the critical issue of receipt of the conscientious objector forms was governed by a rebuttable presumption, *viz.*, that mail sent is presumed to be received unless the jury believes the evidence to the contrary, *or* that under the applicable Selective Service regulation an "irrebuttable presumption" controlled. As we have no way of knowing which alternative instruction the jury selected or followed in its determination of appellant's guilt we are required to review

the validity of both aspects of the charge. If *either* ground is invalid, the conviction must be reversed." United States v. Bowen, 414 F.2d 1268, 1272.

4. "Q. When is the first time you had occasion to find out that you had in fact an order to report for induction? Do you recall the date?
"A. I don't recall the date, but it was over the phone, and I was talking to my mother, and I think it was in July and I am not sure when. It was in Portland, Oregon and I had called her long distance . . . .".

the indictment was brought, is also evidence that Foust knew of the order to report for induction and that he knew he was delinquent.[5]  (TT p. 40)

Foust was under a continuing duty to report for induction from March 16, 1970 until October 6, 1970.  White v. United States, *supra*.  The jury was instructed on this continuing duty and there was ample evidence to support a finding that he failed to report after he had actual notice of the order.

The appellant's contention that the jury must have relied on the reading of § 1641.3 in its verdict is untenable in light of the facts of the case and the instructions given.  The appellant has failed to meet his burden of establishing plain error.

Judgment affirmed.

---

5. "Q. All right.  And during the course of your conversation was there any conversation concerning an Order to Report for Induction?
 "A. He (Foust) stated that he was aware of his delinquent status and his failure to report for induction."