David A. KONN, Plaintiff-Appellant,

v.

Hon. Melvin R. LAIRD et al., Defendants-Appellees.

Nos. 18927, 71–1412.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 7, 1971.

Decided May 16, 1972.

Harold P. Southerland, Milwaukee, Wis., for plaintiff-appellant.

David J. Cannon, U. S. Atty., David B. Bukey, Richard E. Reilly, Asst. U. S. Attys., Milwaukee, Wis., for defendants-appellees.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge and CAMPBELL, Senior District Judge.*

CAMPBELL, Senior District Judge.

The appeal in case No. 71–1412 arises from an order of the United States District Court for the Eastern District of Wisconsin, 323 F.Supp. 1, dismissing the plaintiff's complaint on its merits following a full evidentiary hearing.[1]   The

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Consolidated case No. 18927 involves an appeal from the District Court's denial without an evidentiary hearing of the plaintiff's motion for a preliminary injunction in the same case.  Since we now have before us in Case No. 71–1412 the District Court's ruling on the merits, Case No. 18927 involving the denial of the pre-

complaint sought a writ of mandamus to compel the revocation of an order issued by the Department of the Army directing the plaintiff to report to involuntary active duty for a period of approximately one-and-a-half years. The order of the Department had been issued by reason of the plaintiff's alleged unsatisfactory participation in the United States Army Reserve Unit of which he was a member.

The background of this case is complicated by the fact that the plaintiff's reserve unit had initiated two separate actions for the purpose of placing the plaintiff on involuntary active duty. The first such action, initiated on December 10, 1969, was based on seven unexcused absences from reserve drills occurring between September 17, 1969 and December 10, 1969.[2] Three of these absences had been assessed for excessively long hair and sideburns since a reservist, even though physically present, is considered absent if his appearance is improper. The four remaining absences were assessed as a result of physical absences for which medical documentation submitted by the plaintiff had been considered inadequate.

During January and February of 1970 and while the plaintiff was attempting to appeal his activation order through various administrative channels of the Army, five further absences were assessed. Then in May of 1970 the Fifth Army Headquarters determined that four of the original seven absences were invalid and on that basis revoked the active duty order of December 10, 1969. Immediately thereafter the plaintiff's reserve unit again initiated involuntary activation proceedings. The basis of these later proceedings included the three absences still remaining of the original seven and the five which had been assessed in January and February of 1970 while the plaintiff's military appeal was pending. On November 25, 1970 the second activation order was upheld by the Army's Delay Appeal Board and this suit followed. Of the eight unauthorized absences involved in the second order, four were for excessively long hair, three for unsubstantiated physical absences and one for inattentiveness during a classroom procedure.

When the plaintiff was originally notified on December 10, 1969 that action had been initiated to order him to involuntary active duty, paragraph 12e(2) of AR 135–91 required that the Unit Commander of the reserve unit immediately notify the reservist of such action and advise him: " . . . that he will be required to enter active duty on or about thirty days after this notification and that unless notified otherwise he is not required or authorized to attend unit assemblies while awaiting his entry on active duty and will be granted excused absence during the period involved." The record shows that at the time the plaintiff's Unit Commander was unaware of this regulation and did not give the plaintiff the required advice. The plaintiff was instructed only to continue in attendance.

██ It is maintained by the plaintiff that the defendants failed to comply with paragraph 12e(2) of AR 135–91 and that this failure deprived the plaintiff of due process. It has been recognized that the failure of the Army to follow its own regulations constitutes a deprivation of due process and that mandamus is available to remedy the consequences thereof. See Antonuk v. United States, 445 F.2d 592 (6th Cir. 1971); Feliciano v. Laird, 426 F.2d 424 (2nd Cir. 1970); Jarrett v. Resor, 426 F.2d 213 (9th Cir. 1970); Nixon v. Secretary, 422 F.2d 934 (2nd Cir. 1970); Schatten v. United States, 419 F.2d 187 (6th Cir. 1969); Clark v. Brown, 414 F.2d 1159 (D.C. Cir. 1969); Smith v.

---

liminary injunction has become moot and is therefore dismissed.

2. Under paragraph 12 of A.R. 135–91 a reservist who accumulates five or more unauthorized absences in any twelve month period is subject to involuntary activation.

Resor, 406 F.2d 141 (2nd Cir. 1969); United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2nd Cir. 1968). The issue then is whether the Army complied with the requirements of paragraph 12e(2) of AR 135–91.

■■ The defendants have contended throughout that the phrase "unless notified otherwise" which appears in the regulation confers absolute discretion on them to continue a reservist in attendance even after he has been ordered to involuntary active duty. The plaintiff contends, and we agree, that a proper reading of the pertinent portions of the regulation makes clear that the dominant intent of the provision is that absent unusual circumstances a reservist is to be excused from further attendance following issuance of the activation order. The regulation itself uses the mandatory term "will" with reference to excused attendance during the period involved. Other pertinent parts of the regulation indicate that during this period the activated reservist's position is to be considered vacant for purposes of enlistment or assignment of new members. AR 135–91, paragraph 12e(2). Continued attendance is of course inconsistent with treating the reservist's position as vacant. Moreover, to give the reserve unit the unreviewable discretion to compel a reservist's continued attendance during the pendency of an appeal is to expose him to the continuing exercise of the very authority that he is challenging. In light of these considerations, most particularly the positive language of the regulation itself, the language "unless notified otherwise" contemplates, when fairly construed, that continued attendance may be required only when necessary to meet some emergency or other special need of the reserve unit.[3] Since the plaintiff should have been excused from attendance at the meetings during January and February of 1970 the five unexcused absences assessed against him during that time were improper and should be expunged from his record. The district court is ordered to issue a writ of mandamus for that purpose as well as for the revocation of the activation order.

■ We hasten to add that our decision would not be different were we to adopt the defendants' construction of the pertinent regulation. Even assuming that the phrase "unless notified otherwise" conferred discretion to continue a reservist in attendance the record fails to reflect the exercise of any discretion in this case. It is admitted by the defendants that on December 10, 1969 the plaintiff's Unit Commander was not aware of the regulation involved here. He directed the plaintiff to continue in attendance because he believed that is what the prior regulation required. There simply was no exercise of any discretion here since discretion by its very nature involves the authority to choose among competing or alternative considerations. See Raderman v. Kaine, 411 F.2d 1102, 1105 (2nd Cir. 1969).

Thus, whether paragraph 12e(2) of AR 135–91 vests discretion in the Unit Commander to require continued attendance or not, we conclude that the regulation was not followed by the Army in this case. Therefore, the five unexcused absences assessed against the plaintiff during January and February of 1970 should be expunged from his record and the involuntary activation order issued by the Department of the Army should be revoked. Accordingly the order of the United States District Court for the Eastern District of Wisconsin is reversed and the cause is remanded with directions to enter its writ of mandamus for this purpose.

Reversed and remanded with directions.

---

3. We need not speculate regarding the particular situations in which continued attendance might be justified inasmuch as no such circumstances are claimed to have been present here.