**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stuart Blackburn PERRY, Defendant-Appellant.**

**No. 72–1456.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 16, 1972.

Decided March 1, 1973.

Floy E. Dawson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Donald F. Gust, Oklahoma City, Okl. (Pierce, Couch, Hendrickson, Gust & Short, Oklahoma City, Okl., of counsel, on the brief), for defendant-appellant.

Before BREITENSTEIN and Mc-WILLIAMS, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

A one-count indictment charged defendant-appellant with violating 50 App. U.S.C. § 462(a) by failing to report for induction into the armed services. A jury found him guilty. The court sentenced him to five years imprisonment, and he appeals. We agree that the judgment must be reversed and the case remanded for a new trial but disagree as to the reasons therefor.

The controversy centers around the Selective Service Regulation, which appears at 32 C.F.R. § 1641.3, and reads:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice, or blank form by the local board at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not."

The Selective Service file contains a carbon copy of a letter bearing date of December 23, 1968, addressed to defendant at his last reported address, and ordering him to report for induction on January 2, 1969. Nothing in the file shows that the letter was returned to the local board. The defendant took the stand in his own behalf and denied receipt of the letter.

■ Judges Breitenstein and McWilliams believe that the presence of the carbon copy in the file is proof of neither mailing nor of time of mailing and that, on the record presented, mailing cannot be inferred from writing. Judge Christensen believes that the presence of the carbon copy in the file permits, but does not require, the fact finder to infer that the original was mailed to the addressee at the indicated address on or about the date shown on the copy. All three judges agree that the inadequacy of the proof does not require reversal with directions to dismiss because the record discloses a reasonable probability that the missing proof can be presented on a new trial.

■ Defendant contends that § 1641.-3 is constitutionally invalid because it denies due process of law. Judges McWilliams and Christensen agree and are in substantial accord with the reasoning of United States v. Bowen, 3 Cir., 414 F.2d 1268, 1273–1277. Judge Breitenstein disagrees. He says that the regulation, by its terms, is neither conclusive nor irrebuttable, that evidence of nonreceipt was here admitted,

that the test of whether a criminal presumption is irrational or arbitrary depends on whether "the presumed fact is more likely than not to flow from the proved fact," Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, and that there is a rational connection between mailing and receipt. See Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861.

Judges McWilliams and Christensen see no conflict between their position that the regulation is invalid and the Tenth Circuit decisions in United States v. Kirkpatrick, 10 Cir., 446 F.2d 1371; United States v. Foust, 10 Cir., 457 F.2d 653, and United States v. Freed, 10 Cir., 460 F.2d 75, because those decisions do not discuss the validity of § 1641.3. Judge Breitenstein believes that, because the result in those cases depends on the validity of § 1641.3, such validity is there implied.

■ The invalidation of the regulatory presumption does not foreclose a new trial because of the availability of the judicial presumption of receipt after adequate proof of mailing. See Hagner v. United States, 285 U.S. 427, 430–431, 52 S.Ct. 417, 76 L.Ed. 861.

■ In its instructions, the trial court quoted § 1641.3 substantially verbatim and presented it as an irrebuttable presumption. Judges McWilliams and Christensen would not reach the instructions because, if the regulation is invalid, an instruction based thereon necessarily fails. Judges McWilliams and Christensen agree with Judge Breitenstein that, if the regulation is valid, the instructions are invalid because they present the regulation as an irrebuttable presumption and hence deny due process. See Tot v. United States, 319 U.S. 463, 467, 63 S.Ct 1241, 87 L.Ed. 1519, and Bollenbach v. United States, 326 U.S. 607, 611, 66 S.Ct. 402, 90 L.Ed. 350. The instructions which must be given to a jury whenever the existence of a presumed fact is submitted to the jury are stated in Rule 303(c), Rules of Evidence for United States Courts of Magistrates, prescribed by the Supreme Court on November 20, 1972. All three judges also agree that the defect was not cured by other instructions given. All three judges recognize the difficulty in reconciling their holding that the instructions are bad with the decisions in United States v. Foust, 10 Cir., 457 F.2d 653, 655–656, and United States v. Freed, 10 Cir., 460 F.2d 75, 78, but believe that those decisions are not controlling here.

The other points raised by the defendant are without merit and need not be discussed.

Reversed and remanded for a new trial.