Salvatore J. **CORONA**, Plaintiff,

v.

Melvin **LAIRD**, Secretary of Defense for the United States, Defendant.

No. 72–C–419.

United States District Court,
E. D. Wisconsin.

March 15, 1973.

---

Jerome F. Pogodzinski, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by D. Jeffrey Hirschberg, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff is a member of the army reserve who has been ordered to active duty as a result of his accumulation of five unexcused absences from unit meetings within one year. He seeks leave to demonstrate "the arbitrary and capricious manner in which he was treated" in receiving the assessed unexcused absences. He demands judgment restraining the enforcement of the active duty order and reinstating him to his reserve status in the rank held prior to a reduction to his present grade. The reasons for this reduction and its relation to the active duty order, if any, are not alleged in the complaint.

The government has moved to dismiss the complaint for failure to affirmatively state therein a basis for this court's jurisdiction. Alternatively, the government has moved for summary judgment on the merits. The parties have briefed both motions.

■ The government is correct in its assertion that the plaintiff has failed affirmatively to state a specific statutory basis for the subject matter jurisdiction. It is clear, however, that this court has jurisdiction in cases such as this where a writ of habeas corpus or mandamus is sought. I believe, therefore, that the better course is to treat the action as though such alternative relief had been explicitly requested and the corresponding basis of jurisdiction affirmatively stated. See Smith v. Resor, 406 F.2d 141, 147 (2nd Cir. 1969).

■■ Complete judicial review, however, does not automatically follow a finding of subject matter jurisdiction. If army rulings are found to be discretionary, then, absent unusual circumstances, "they are beyond the power of review of civilian courts." Antonuk v. United States, 445 F.2d 592, 594 (6th Cir. 1971).

The complaint states that the plaintiff was assessed five unexcused absences from training assemblies between November 8, 1970, and September 13, 1971. Two of these absences are said to have been due to illness, two to automobile trouble and one to the "samaritan task of preventing an alcoholic member of [plaintiff's] family from becoming helplessly intoxicated." None of the ex-

cuses offered after the absences was accepted by the plaintiff's unit commander. The complaint further states that, as a result of these absences, he was informed on October 6, 1971, by his unit commander that his performance was unsatisfactory and that he was subject to involuntary activation. On February 9th, 1972, he received a letter from Fifth Army Headquarters advising him that he had been recommended for entry on involuntary active duty and that he had a right to appeal. Plaintiff filed an appeal in which he explained the reasons for his absences and requested a personal appearance to testify at the appeal proceeding. His request to appear was denied; on or about June 23rd, 1972, Fifth Army Headquarters advised him that his appeal had been disapproved and that he was being ordered to active duty.

Finally, the complaint states that the rejections of the plaintiff's excuses violate the due process and equal protection clauses of the fourteenth amendment. Violation is to be found, it is claimed, in failure to excuse absences caused by automobile trouble when "public conveyance is not available"; failure to excuse absences caused by illness, though not confirmed by physician statements, when "the economic situation of the individual such as the plaintiff does not permit the professional attendance of a physician"; discrimination between members of the unit in terms of accepting excuses for absences; and insufficiency of the appeal procedure.

■ I believe that the rulings by the reserve officials in this case were proper exercises of discretion. The plaintiff's tendered car trouble excuses were rejected upon a determination by his unit commander that public transportation was available to the reserve center; the plaintiff did not aver to the contrary at the time of the absences, and the general conclusory statement in his complaint does not justify review at this stage.

■ Similarly, the conclusory allegation with respect to financial inability to retain the services of a physician to verify his claimed illnesses will not justify review where, as here, the matter was not raised at the time of assessment nor supported by affidavit or otherwise. Additionally, the plaintiff's reliance on Mielke v. Laird, 324 F.Supp. 165 (E.D.Wis.1971), is misplaced. There, faced with the claimed inconsistency between two rulings of the court of appeals for this circuit, this court held that a reservist was entitled to an evidentiary hearing on his claim that his medical excuse was arbitrarily rejected. Unlike the present case, however, *Mielke* concerned rejection of a medical excuse which had been corroborated by a physician. When such corroboration is not present, the matter is clearly within the unit commander's discretion.

■ The plaintiff's final two contentions are also without merit. Assuming that the unit commander's acceptance of excuses with respect to other unit members is relevant, the plaintiff's charge of discrimination will not be entertained for the first time at this stage, particularly since it is alleged in wholly conclusory terms and not supported by affidavit or otherwise. Also, the petitioner's challenge to the administrative appeal system is not entitled to weighty consideration here; that matter has previously been decided adversely to him. Ansted v. Resor, 437 F.2d 1020, 1024 (7th Cir. 1971).

The plaintiff also raises an argument in his brief regarding contractual limitation on the government's ability to require more than 45 days involuntary active duty. Since that issue was not raised in the complaint, it need not be dealt with here, at least not in any great length. I would note, however, that the argument has been met with fairly consistent rejection. See, e. g., Antonuk v. United States, 445 F.2d 592, 599 (6th Cir. 1971); Gianatasio v. Whyte, 426 F.2d 908, 910–911 (2nd Cir. 1970).

Therefore, it is ordered that the preliminary injunction entered in this matter on July 31, 1972, be and hereby is vacated.

It is also ordered that the defendant's motion for summary judgment be and hereby is granted; judgment shall be entered dismissing the plaintiff's action on its merits.