Mark Jerome DONAHUE, Plaintiff,

v.

E. O'CONNOR, Sheriff, Waukesha
County, et al., Defendants.

Civ. A. No. 73–C–96.

United States District Court,
E. D. Wisconsin.

Feb. 4, 1975.

Andrew J. Zafis, Oconomowoc, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

Plaintiff is a member of the Army Reserve and has been ordered to active duty for his accumulation of more than four unexcused absences within one year pursuant to Title 10 of the United States Code, § 673a. He failed to report for active duty as ordered and as of yet has not done so. The Government accordingly charged him with desertion and caused him to be arrested. On February 25, 1973, this Court issued a writ of habeas corpus directing plaintiff's release from custody and barring defendants from transporting him beyond the court's jurisdiction.

By stipulation of the parties and order of this Court entered on March 2, 1973, the previous order of February 25, 1973, remains in effect pending disposition of this case. Pursuant to the accord reached by the parties before this Court on March 5, 1973, plaintiff on March 8, 1973, filed an appeal of the involuntary activation order of July 18, 1972, through his unit commander. The Department of the Army declined to consider plaintiff's appeal. The defendants thereupon moved in the alternative for a dismissal of the action or for summary judgment.

On March 27, 1972, plaintiff's unit commander, having determined pursuant to paragraph 12e(2) of Army Regulation (hereinafter "AR") 135–91 that plaintiff had accrued more than four unexcused absences from unit training assemblies within one year, requested the Army Reserve area commander to order plaintiff to active duty for a specified period. By letter dated June 8, 1972, and mailed to plaintiff at his record address in Pewaukee, Wisconsin, plaintiff was informed of the impending issuance of an order requiring him to enter on involuntary active duty and of his concomitant right to appeal the order. Such a notification is required by paragraph 14g.1 of AR 135–91. Under that provision of the regulation, fifteen days from the date of receipt of the notification are allowed for the submission of such an appeal to the unit commander. Orders which are so dated as to not allow time for the final disposition of an appeal may under paragraph 20 of AR 135–91 be revoked and new orders published when the reservist's availability date is determined.

Plaintiff did not in fact receive the June 8, 1972, notification of his right to appeal the involuntary activation order. It was returned to the sender by the United States Postal Service marked "unclaimed." No appeal was filed by plaintiff with his unit commander in June or July of 1972, nor was one so filed until March 8, 1973. On July 18, 1972, orders were published requiring plaintiff to report for active duty. Copies of those orders were sent to plaintiff but were also returned marked "unclaimed."

The apparent reason for the refusal by the Department of the Army to consider plaintiff's appeal is that it came too late, i.e., after the expiration of the time period within which the appeal was to be filed. That time period is "15 days from the receipt of the right to appeal letter." AR 135–91 ¶14g.1. Plaintiff, however, never did receive that letter as it was returned to Headquarters,

Fifth United States Army, unopened and marked "unclaimed." That fact is uncontroverted in this case. No attempt was made by any other available means to notify plaintiff of his right to appeal the impending activation order. Compare Hughes v. Laird, Civil No. 1858–71 (D.N.J.1972) (unreported).

 The presumption that mail sent is received is a rebuttable one. United States v. Bowen, 414 F.2d 1268, 1277 (3d Cir. 1969). Here that presumption is rebutted on the face of the unopened appeal letter envelope by the postal service markings indicating nondelivery. Correspondence returned to sender and marked "unclaimed" is not necessarily correspondence refused by the addressee. Compare 39 C.F.R. §§ 159.1(a)(1)(iii), (2)(ii)(*m*), and 168.5(e) with 39 C.F.R. §§ 159.1(a)(1) (iv), (2)(ii)(*f*), 168.5(a), and 161.4(a).

Paragraph 14*l* of AR 135–91 contains a provision relating to notification of an order to report for active duty as follows:

> "* * * Notification of order to active duty has been fully and sufficiently accomplished by the mailing of orders addressed to the member concerned at the mailing address which records of the activity mailing the orders indicate as the most recent one furnished by the member as an address from which official mail will be received by or forwarded to him. Absence of indication of delivery, or return as undeliverable, of orders addressed as above does not change the fact that the member has been properly ordered to report for active duty."

That provision purports only to govern the effect of mailing notification of an order to report for active duty. It does not by its terms govern the notification of a reservist's right to appeal such an order.

 If AR 135–91, ¶14*l*, were to govern the appeal right notice in addition to notice of an order to report for active duty, its effect would be to cut off a reservist's right to appeal in every case in fifteen days (plus time for the delivery of mail) from the date such notice is sent. The appeal regulation, AR 135–91, ¶14g.1, however, allows fifteen days for appeal from the *receipt* of the right to appeal letter. Given such a double application, the provision amounts to an irrebuttable presumption *that both notices have been received and their contents known to the recipient.** Without notice of the right to appeal, that right is meaningless, and review of the underlying decisions is forever barred. The principles of due process of law forbid such a result. If the running of the time for appeal is tolled by nondelivery of the notice of the right to appeal or a "late" appeal is accepted when such notice was not in fact received by the reservist, then the appropriate military authorities may examine the basis for the activation order. They, not this Court, should undertake that examination in the first instance. In this manner plaintiff will be afforded the possibility of exhausting his administrative remedies. In so doing the Army can determine in particular whether plaintiff received adequate notice at each juncture required pursuant to the applicable regulations. If upon a consideration of the appeal the appropriate military appeal authorities determine that the failure of plaintiff to receive the notice of his right to appeal was due to his deliberate refusal to accept military correspondence rather than to some factor not within his control, then consideration of the appeal may be barred. Plaintiff's request for discharge as a conscientious objector may also be renewed in the context of such an appeal.

---

* In the analogous context of Selective Service Act violation cases, the courts have rejected an interpretation giving irrebuttable effect to a similar regulation governing the effect of mailing on notice. 33 C.F.R. § 1641.3; United States v. Bowen, 414 F.2d 1268 (3d Cir. 1969); United States v. Lake, 482 F.2d 146 (9th Cir. 1973); United States v. Simmons, 476 F.2d 33 (9th Cir. 1973); United States v. Perry, 474 F.2d 983 (10th Cir. 1973); United States v. Smith, 308 F.Supp. 1262 (S.D.N.Y.1969).

■ Preservation of the right to appeal the activation order in this manner renders the application of paragraph 14*l* of AR 135–91 to the order itself unobjectionable. Plaintiff will then have already had the opportunity to raise any substantive objections to the order which he may have. If they are rejected, all that remains for him to be notified of is the date and place for him to report. The notice of a right to appeal will already have informed him that in the event of no or an unsuccessful appeal, he will be ordered to report for active duty.

■ This Court has jurisdiction to grant both habeas corpus and mandamus relief, 28 U.S.C. §§ 1361, 2241(c)(1); Konn v. Laird, 460 F.2d 1318, 1319 (7th Cir. 1972); Schulz v. Resor, 332 F.Supp. 708, 711–712 (E.D.Wis.1971), even though the latter form of relief is not specifically requested nor the corresponding jurisdictional basis affirmatively stated, Corona v. Laird, 357 F. Supp. 1357, 1358 (E.D.Wis.1973). I note that in passing only to clarify my disposition of defendants' motion to dismiss on jurisdictional grounds.

Now, therefore, it is ordered that defendants' motions for dismissal or for summary judgment are denied subject to later renewal following final disposition by the appropriate military appeal authorities of plaintiff's appeal of the involuntary activation order in accordance with AR 135–91 and other applicable regulations. During the pendency of that appeal and until the subsequent disposition of this case by the Court, the temporary order of this Court entered on March 2, 1973, will remain in effect.

It is also ordered that the appropriate military authorities shall give due consideration to plaintiff's appeal of the involuntary activation order if an appeal is filed within thirty days of the date this order is filed.

It is further ordered that if the appropriate military authorities refuse to consider plaintiff's appeal within sixty days of the date it is filed, the Army is to be permanently enjoined from ordering plaintiff to active duty.