Michael J. MYERS, Petitioner,

v.

Commanding Officer, Cpt. David D. PARKINSON, et al., Respondents.

William J. BASTIAN, Petitioner,

v.

Commanding Officer, 1st Lieutenant Roy R. GAWLITTA, et al., Respondents.

Civ. A. Nos. 73–C–214, 73–C–321.

United States District Court, E. D. Wisconsin.

Sept. 4, 1975.

Charles E. Burroughs, Milwaukee, Wis., for petitioners.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These two military habeas corpus cases present similar facts and the same issues for the Court's consideration. Petitioners allege that by failing to call them to active duty training within 180 days (or approximately 6 months) of their date of enlistment, the Army (1) breached its respective contracts with them and (2) failed to follow its own regulations, thus denying petitioners due process of law. Respondents have moved pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, that this Court dismiss petitioners' claims.* Respondents' motions are denied.

### I.

On August 25, 1970, Michael J. Myers entered into a contract of enlistment for a period of six years as a reservist in the United States Army. On January 6, 1973, (28 months or approximately 840 days after enlistment), petitioner was

---

* Petitioners may continue their respective actions against the originally named respondents pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, even though Elliot Richardson is no longer the Secretary of Defense, Robert Froehlke is no longer the Secretary of the Army, and other persons in the named chain of command may no longer be acting in those capacities.

ordered to report for Active Duty for Training ("ADT"). On January 16, 1973, petitioner requested a discharge from the United States Army on the grounds that his order to report for ADT was a breach of the terms of his enlistment contract and that he was denied due process since the army had failed to comply with its own regulations. Petitioner's application for discharge was denied on March 2, 1973 by the Department of the Army, Headquarters Fifth United States Army, Fort Sam Houston, Texas. On March 22, 1973, petitioner was again ordered to report for ADT. This petition was filed with the Court on April 19, 1973, and on that same day a temporary restraining order was issued by this Court ordering the respondent to delay the enforcement of petitioner's order to report for active duty pending final determination of this petition.

Similarly, on April 17, 1971, petitioner William J. Bastian entered into a contract of enlistment with the United States Army as a reservist for a period of six years. On February 14, 1973, petitioner asked the United States Army to discharge him for the reason that the Army had breached the terms of the enlistment contract, failed to comply with Army regulations, and that if called to active duty, it would cause him severe hardship. Petitioner's application for discharge was denied, and on or about June 1, 1973 (approximately 23 months or over 690 days after his enlistment) petitioner was ordered to report for ADT at Fort Leonard Wood, Missouri. On July 24, 1973, the Fifth United States Army revoked petitioner's prior orders to ADT pending the results of this litigation.

## II.

■ Petitioners allege, and respondents do not deny, that as a result of their military status, both of the petitioners are in the custody of the United States Army. Both of them have exhausted the administrative remedies re-

quired of them to request discharge from the United States Army Reserve. Subject matter jurisdiction is properly alleged since petitioners each seek a writ of habeas corpus requiring release from the Army's custody and a writ of mandamus compelling their superiors to cancel involuntary active duty orders. *Konn v. Laird,* 323 F.Supp. 1 (E.D.Wis. 1971), affirmed, 460 F.2d 1318 (7th Cir. 1972); *Corona v. Laird,* 357 F.Supp. 1357 (E.D.Wis.1973). The Court's power to grant writs of habeas corpus is predicated upon 28 U.S.C. §§ 1651, 2241(a), 2241(c)(1), and 2241(c)(3). Habeas corpus clearly lies to inquire whether the armed services have adhered to applicable statutes and regulations. Failure of the Army to follow its own regulations constitutes a deprivation of due process, and mandamus is available to remedy the consequences of the Army's failure to follow its own regulations. *Konn v. Laird,* 460 F.2d 1318 (7th Cir. 1972).

■ Both petitioners have demonstrated they are Wisconsin residents and, further, that virtually all their contracts with the military have been here in the Eastern District of Wisconsin. In addition, petitioner Bastian's Commanding Officer, First Lieutenant Roy R. Gawlitta, is also a Wisconsin resident, as is petitioner Myers' Commanding Officer, Captain David D. Parkinson. There is no question that this court has jurisdiction over the person, since petitioners and the respondents are present in the Eastern District of Wisconsin. *Strait v. Laird,* 406 U.S. 341, 345, 92 S. Ct. 1693, 32 L.Ed.2d 141 (1971). Respondents' motions pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure are therefore denied.

## III.

■ Petitioners' claims proceed on two theories which must be considered separately. First, petitioners claim that by failing to call petitioners to ADT within 180 days of enlistment, the Unit-

ed States Army breached its respective contracts with petitioners. When petitioners enlisted, their enlistments created valid and enforceable contracts between them and the United States Army Reserve. *U. S. v. Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *Even v. Clifford,* 287 F.Supp. 334 (S.D.Cal. 1968). The statement of acknowledgment of the understanding of service requirements constitutes the heart of the enlistment contract. *Pfile v. Corcoran,* 287 F.Supp. 554 (D.C.Colo.1968); and *Schultz v. Clifford,* 303 F.Supp. 965 (D. C.Minn.1968), affirmed, 417 F.2d 775 (8th Cir. 1969). Petitioners' contracts also incorporate applicable provisions of statutory law existing when the party enlisted. *Morse v. Boswell,* 289 F.Supp. 812 (D.Md.1968); and *Johnson v. Powell,* 414 F.2d 1060 (5th Cir. 1969).

The "Certificate and Acknowledgement of Service Requirements" signed by petitioner Bastian states that:

"You will be required to enter and satisfactorily complete an initial period of active duty for training of not less than 19 weeks as soon as training quotas are available. Training spaces are normally available within 180 days following enlistment. Additional delay may be necessary for military reasons." (Myers' certificate is identical except it is for 26 weeks rather than 19.)

Furthermore, 10 U.S.C. § 511(d), applicable to both contracts, states that petitioners will be called to ADT within 180 days after the date of their enlistment "insofar as practicable."

 Absent unusual circumstances, matters properly within the area of military discretion are beyond the review of civilian courts. *Anderson v. Laird,* 437 F.2d 912 (7th Cir. 1971). A motion to dismiss pursuant to Rule 12(b)(6) is granted only if *"it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."* 2A Moore's Federal Practice, ¶ 12.08 at

2274 (2d ed. 1974). Civilian courts are not barred from reviewing each party's compliance with the terms of an enlistment contract. The cases hold that enlistment creates a valid and enforceable contract between enlistees and the United States Army. Petitioners have adequately posed the issue of whether it was a breach of the terms of the petitioners' respective enlistment contracts to order them to report to active duty training substantially after 180 days of their respective enlistment dates. Respondents' Rule 12(b)(6) motions to dismiss are denied with respect to petitioners' claims for breach of contract.

### IV.

 The crux of petitioners' claim is that the United States Army did not comply with its own regulations. In *Konn v. Laird,* 460 F.2d 1318, 1319 (7th Cir. 1972), the Court states, "* * * It has been recognized that the failure of the Army to follow its own regulations constitutes a deprivation of due process * * *." Army Regulation 135–200, Change 6, paragraph 26b, states in pertinent part that, *"It is mandatory* that all nonprior service personnel required to perform an initial tour of ADT as a condition of enlistment enter training *not later than 180 days after date of enlistment * * *."* (Emphasis added). Failure by the United States Army to comply with a mandatory regulation to call enlistees to Active Duty Training within a specified amount of time would constitute a denial of due process. *Konn v. Laird,* supra. This is only part of the broader rule that the Sovereign will be held to self-imposed rules governing its conduct, and departure from such rules or regulations constitutes a denial of procedural due process.

 While it is true that the failure of the Army to follow its own regulations may not be complained of where such failure does not prejudice the serviceman, *Grosso v. Resor,* 322 F. Supp. 670 (E.D.N.Y.), affirmed, 439 F.

Supp. 233 (2d Cir. 1971), petitioners' complaint constitutes an adequate prima facie showing of prejudice. If the individual at the time he entered into the enlistment contract anticipated being called within 180 days, the enlistee would arrange his personal affairs in accordance as would his employer and other persons affected, including the individual's family. A failure by the Army to comply with a mandatory 180 day regulation would be prejudicial to anyone, particularly young enlistees who seek to rationally and intelligently plan for their future.

Respondents argue essentially that the military is an enclave beyond the reach of the civilian courts. *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L. Ed. 842 (1952). The case at bar does not deal with the internal affairs of the Army and is therefore controlled by *Konn v. Laird*, 460 F.2d 1318 (7th Cir. 1972).

It is therefore ordered that respondents' motions, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure are denied.