Edward M. KARPINSKI, Jr., Appellant,

v.

Stanley R. RESOR, Individually and Acting as Secretary of the Army, Washington, D. C.

and

Lt. Gen. Jonathan O. Seaman, Individually and Acting as Commanding General, First United States Army, Fort Meade, Maryland

and

Maj. Gen. Kenneth W. Collins, Individually and Acting as Commanding General, Fort Dix, New Jersey.

No. 18233.

United States Court of Appeals Third Circuit.

Argued Nov. 6, 1969.

Decided Dec. 23, 1969.

Joseph M. Gindhart, Krusen, Evans & Byrne, Philadelphia, Pa., for appellant.

Morton Hollander, Chief Appellate Section, U. S. Dept. of Justice, Washington, D. C., for appellee.

Before MARIS, SEITZ and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This case involves the call to active duty of a member of the United States Army Reserve due to an excessive number of absences from mandatory drills. The appellant challenges the action of the military authorities on two grounds:

(1) that he is unfit for active military duty because of an ulcerated colitis condition of which he claims the Army was aware at the time of the issuance of the active duty orders; and

(2) that the period of active duty to which appellant was ordered would extend beyond the termination of his period of enlistment in the Army, in violation of his Fifth Amendment rights.

According to appellees, customary military procedure would call for appellant to undergo a physical examination upon reporting for active duty at the reception center, at which time his fitness for active duty would be conclusively determined. Appellant claims that several recent physical examinations by Army and Navy medical personnel, as well as his private physician, show that he suffers from an ulcerated colitis condition, and that the Army violated its own regulations by ordering him to active duty with knowledge of this disqualifying condition.

In the proceedings below appellant sought a declaratory judgment that the military authorities acted improperly in ordering him to active duty. He asked for a temporary restraining order and a preliminary injunction. Both were denied[1] on the ground that appellant failed to exhaust his administrative remedies in refusing to report to the reception center where he would have been given a physical examination and his eligibility for active duty determined. We agree with the decision below.

While appellant may have had prior physical examinations, the Army was apparently unwilling to make a final determination of his eligibility for active duty on the basis of such examinations, and we have no power to compel appellees to do so. It is perfectly reasonable for the military authorities to require appellant to undergo a complete physical examination at the reception center in order to ascertain his fitness for active duty.

At oral argument appellant raised the possibility that he may not receive a physical examination when he reports to the reception center, citing ¶ 15(b) of Army Regulation No. 135–91, which provides as follows:

> b. *Exceptions.* Those members who have undergone a medical examination within the 12-month period preceding their active duty reporting date are exempt from the provisions of *a* above, provided they sign Statement Number 1 on DD Form 220 (Active Duty Report) attesting that they have been so examined and that to their knowledge there has been no significant change in their physical condition.

Appellant seemed to indicate that since he had undergone a physical examination within the 12-month period prior to his call to active duty, he had elected to execute the statement contemplated by the above AR to the effect that he had been so examined and that there had been no significant change in his physical condition. Appellant evidently reasons from this that the Army has already decided that he is physically fit and that he will not be examined at the reception center.

Appellees contend that ¶15(b) of AR No. 135–91 applies only where a person

---

1. Appellant's Appendix 14a; Transcript of October 1, 1969, hearing, pp. 2–6.

called for active duty elects not to undergo another physical because he believes he is fit for active duty and not to the situation involved here.

■ We need not decide this question of interpretation because appellees represented at oral argument, and in their brief, that appellant would be given a physical examination upon reporting to active duty, and we are upholding the action of the district court on the basis of such representation.

In order to assure complete protection of appellant's rights, we will remand the case to the district court so that it may condition the denial of relief upon appellant's being given a physical examination when he reports for active duty. Further, if at the time this case is returned to the district court appellant has already reported for active duty, the court shall condition its denial upon appellant's being given a physical examination to determine his fitness for active duty within a reasonable time, if this has not yet been done.

With respect to appellant's other claim, he asserts that he enlisted in the United States Army Reserve on August 8, 1964, for a period of six years, and that the period for which he was called to active duty for failure to comply with his reserve obligation would extend beyond the August 8, 1970, expiration date of his enlistment. Appellant was ordered to active duty for a period of about 15 months commencing in September 1969.

■ Is this a violation of appellant's constitutional rights? We believe not. Many cases have held that the terms of

enlistment of a member of the reserve forces, even if they have the attributes of a contract, are subject to change in the interest of the national security. *See* Johnson v. Powell, 414 F.2d 1060, 1064 (5th Cir. 1969); Schwartz v. Franklin, 412 F.2d 736 (9th Cir. 1969); Fox v. Brown, 402 F.2d 837, 841 (2d Cir. 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1219, 22 L.Ed.2d 471 (1969); Metz v. United States, 304 F.Supp. 207 (W. D.Pa.1969); Schultz v. Clifford, 303 F. Supp. 965, 968–971 (D.Minn.1968); Weber v. United States, 288 F.Supp. 491 (E.D.Pa.1968);[2] Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.), aff'd per curiam, 390 F.2d 879 (2d Cir.), cert. denied, 393 U.S. 896, 89 S.Ct. 188, 21 L. Ed.2d 177 (1968).

10 U.S.C. § 673a, enacted subsequent to appellant's enlistment, authorizes the president to call members of the ready reserve to active duty and provides:

> (b) A member who is ordered to active duty under this section may be required to serve on active duty until his total service on active duty equals 24 months. If his enlistment or other period of military service would expire before he has served the required period under this section, it may be extended until he has served the required period.

■ As decided by the cases cited above, this statute is clearly within the power of Congress to enact and does not infringe on constitutional rights.

The denial of a preliminary injunction will be affirmed [3] and the case remanded to the district court for further action in accordance with this opinion.

2. The appeal in this case was dismissed for failure of prosecution.

3. We have not dealt with appellant's claim that the district court erred in denying the application for a preliminary injunc-

tion without an evidentiary hearing because the failure of appellant to report to the reception center for a physical examination, the key issue in the case, is undisputed.