**Henry HORN, Petitioner,**

v.

**James V. MUSICK et al., Respondents.**

**Civ. A. No. 71–333.**

United States District Court,
S. D. Ohio, E. D.

Dec. 3, 1971.

James Mackin, Barkan, Barkan & Neff, Columbus, Ohio, for petitioner.

William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., for respondents.

## OPINION AND ORDER

KINNEARY, District Judge.

Petitioner brings this action for a writ of habeas corpus.

Petitioner, a resident of Franklin County, Ohio, is presently incarcerated in the City of Columbus Workhouse, Men's Division, 2460 Jackson Pike, Columbus, Ohio. Petitioner was a member of the Reserves of the United States Army and was assigned to the 758th Light Maintenance Company, Fort Hayes, Columbus, Ohio.

On October 28, 1971, petitioner was arrested by a Franklin County Sheriff's Deputy. He was informed that the reason for his arrest was that he was absent without official leave from the United States Army. Petitioner alleges that this was the first notice that he received of the fact that he had been involuntarily activated into the regular army.

An evidentiary hearing was held in this court on November 16, 1971 to determine if the United States Army had followed the promulgated army regulations in changing petitioner's status from reservist to active duty. Antonuk v. United States of America, 445 F.2d 592 (6th Cir., 1971); Schatten v. United States of America, 419 F.2d 187 (6th Cir., 1969).

The following facts were adduced at the evidentiary hearing. Petitioner is twenty-seven years of age and a resident of Columbus, Ohio. In September of 1965 petitioner joined the United States Army Reserve. Petitioner attended unit training meetings at Fort Hayes. On December 13, 1970 Lt. William Stafford, petitioner's unit commander at Fort Hayes, determined that petitioner had accrued five (5) or more unexcused absences from training meetings. Stafford notified army headquarters and requested that petitioner be ordered to active duty. Stafford was the only witness called on behalf of the army. Stafford informed petitioner at the January, 1971 training meeting that petitioner's papers had been forwarded for activation and that petitioner need not further attend the reserve meetings.

Stafford testified that the Department of the Army would notify petitioner if a decision was made to order him to active duty. Petitioner testified that he never received notice from the army that he had been activated. Petitioner's

first notice of his involuntary activation came to him when he was arrested. Petitioner did not attend reserve meetings after January, 1971.

Stafford testified that he did not know, nor could he know, if the army sent petitioner notice of the order to active duty. Petitioner testified that he did not know of his right to appeal the activation order. Stafford admitted that he did not inform petitioner at the January, 1971 meeting of the right to appeal if the activation order issued.

Petitioner was ordered to active duty in February of 1971 and was ordered to report to Fort Dix, New Jersey in March of 1971.

Pursuant to Title 10, United States Code, Section 673(a), a member of the Ready Reserves of the armed forces who is not participating satisfactorily in his unit, may be ordered to active duty. In compliance with the above mentioned authority, the Department of the Army promulgated Army Regulation No. 135–91 on June 11, 1968. The parties have stipulated that A.R. 135–91, as amended, is the army regulation governing the involuntary activation of reservists and is the regulation pertaining to this case.

According to A.R. 135–91, § 12, a member of the army reserves who accrues five (5) or more unexcused absences from scheduled unit training in any one year period is deemed not to be satisfactorily participating in the training program. He is then subject to being ordered to active duty. When a unit commander determines that a reservist has accrued this number of absences he will forward the member's military personnel records to the appropriate area commander or state adjutant general with the request that the member be activated. A.R. 135–91, § 12(e)(2). The unit commander will inform the member of this action. A.R. 135–91, § 12(e)(2).

If the state adjutant general orders the member to active duty the member shall be notified of the order and be informed of his right to appeal therefrom. A.R. 135–91, § 14(b)(1). Notification is to be in the form of certified mail with return receipt requested. A.R. 135–91, § 14(b)(1).

From the factual record present before this court, the Court determines that:

1. The army complied with A.R. 135–91, § 12(e)(2) in that Lt. Stafford notified petitioner at the January, 1971 meeting that petitioner's papers were being processed for activation.

2. The army failed to comply with A.R. 135–91, § 14(b)(1) in that there is no evidence showing that petitioner was notified of the order transferring him to active duty.

3. The army failed to comply with A.R. 135–91, § 14(b)(1) in that there is no evidence showing that petitioner was notified of his right to appeal the activation order and that such appeal would have to be made within fifteen (15) days of the notification letter.

It is the holding of the Court that the United States Army failed to follow A.R. 135–91 in ordering petitioner to active duty. Therefore, petitioner was improperly ordered to active duty.

Whereupon, the Court determines that the petition for writ of habeas corpus is meritorious and it is hereby granted.

It is ordered that petitioner is to be released from any custody arising out of his being ordered to active duty by the United States Army.

It is further ordered that petitioner be restored to the reserve status that he possessed before his involuntary activation occurred.