Edward W. HOMFELD, Plaintiff,

v.

UNITED STATES of America and Commanding General, Fifth United States Army, Defendants.

No. 38809.

United States District Court, E. D. Michigan, S. D.

Sept. 12, 1972.

Richard H. Scholl, Detroit, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., Fred W. Mester, Asst. U. S. Atty., Detroit, Mich., for defendant.

GUBOW, District Judge.

Plaintiff, Edward Homfeld, is a private in the Army Reserve. He initiated this action to enjoin the United States and the Commanding General of the 5th Army from ordering him to active duty.

On August 25, 1972, this Court entered an order to show cause why a preliminary injunction should not be issued. At the close of the testimony taken at the hearing, the Government moved to dismiss the complaint.

The plaintiff, Edward Homfeld, enlisted in the U. S. Army Reserve on either January 8 or 9, 1971 and was·attached to the 5064th U. S. Army Garrison in Detroit. Among his duties as a reservist was the duty to attend regular unit training assembly drills. Under the applicable Army regulation, a reservist who is absent from five or more unit training assemblies during a one-year period "will be ordered to active duty for a period which, when added to his prior service on active duty, active duty for training, annual training, or full-time training duty, will total 24 months." C9AR 135–91, par. 12A.

At the time he enlisted, or shortly thereafter, the plaintiff signed a "Certificate and Acknowledgment of Service Requirements for Individuals Enlisting in the United States Army Reserve Under the Reserve Enlistment Program." This certificate makes the reservist's at-

tendance obligation very clear and provides that the reservist will be responsible for keeping his commander advised of the current mailing address at which he will receive official correspondence.

It is not disputed that the plaintiff, within the time period applicable, missed more than the allowable number of training assemblies. He missed these meetings because of the demands of the business he had begun and was managing. However, the absences were not excused in advance of the meetings.

After each absence, a letter was sent to the plaintiff by his unit commander informing him of the unexcused absence and of how many total unexcused absences he had accrued. The letters were sent by certified mail, return receipt requested. For reasons that are not entirely clear from the testimony, the plaintiff did not receive or read these letters with the exception of one. The rest were returned unopened to the Army. Part of the explanation for this appears to have been that the plaintiff lived at more than one address.

In late September, 1971, the plaintiff went to a unit training assembly and told his then unit commander, Lt. Jack Beery, that he "had an attendance problem." Except for the fact that Lt. Beery then became aware of Plaintiff's overall attendance record and saw the returned letters in Plaintiff's file, there is conflict in the testimony over what transpired during this encounter.

Lt. Beery testified that it was his general procedure, upon learning of excessive unexcused absences, to "try to make a determination" if a good reason existed. In Plaintiff's case, Lt. Beery testified that there was "no justification for the excuses" because they were work related.

Plaintiff testified that he told Lt. Beery that he "had an attendance problem" and that upon learning of Plaintiff's excessive absences, Beery refused to listen to anything more the plaintiff had to say by way of explanation. It is not clear whether his statement to Beery

that he "had an attendance problem" included a statement that his absences were work related. However, the Court believes from the testimony taken as a whole that Lt. Beery at this time determined at least that Plaintiff's absences were work related.

Lt. Beery forwarded Plaintiff's file to the Area Commander with his recommendation that Plaintiff be placed on active duty pursuant to C9AR 135–91, Paragraph 12a. Plaintiff received a Notification of Right to Appeal from the Headquarters of the Fifth Army. He sent a letter appealing Lt. Beery's recommendation to his commanding officer. This letter explained that Plaintiff's absences were related to the pressing needs of his "fledgling business." The appeal was not successful, and the plaintiff has subsequently been ordered to active duty.

The plaintiff contends that the defendant's actions leading to his order to report for active duty did not comply with the applicable Army regulations and thereby deprived Plaintiff of procedural due process. Specifically Plaintiff contends that Lt. Beery failed to comply with C9AR 135–91, Paragraph 12e2, requiring him, before forwarding a reservist's file for excessive absences, "to determine if any cogent or emergency reasons existed which prevented the member from attending." Plaintiff argues that this regulation requires a more extensive hearing than the encounter between Beery and Plaintiff in late September. This is especially true under these circumstances, Plaintiff contends, since Beery must have been aware that Plaintiff had not received and read each letter sent to him notifying him of his absences.

It is well established "that purely discretionary decisions by military officials which are within their valid jurisdiction will not be reviewed by the federal courts." Schatten v. United States, 419 F.2d 187 at 191 (6th Cir. 1969). At the same time, federal courts have not hesitated "in directing the military to comply with its own regulations where it

has been shown that a regulation was not followed, and there has been a prima facie showing that a member of the military has been prejudiced thereby." Bluth v. Laird, 435 F.2d 1065, 1071 (4th Cir. 1970). The task for this Court, therefore, is to determine if military officials in this case abused discretionary powers vested in them by violating Army regulations to the prejudice of Plaintiff.

■ This Court does not believe there has been any such abuse here. Army Regulation C4AR 135–90, Paragraph 1–10a provides that:

"Employment conflicts . . . will not be considered adequate justification for absence from training. Hardship cases which result from application of the foregoing will be referred to the Area Commander or State Adjutant General, as appropriate, for review and final decision."

This regulation, taken together with C9AR 135–91, Paragraph 12e2, imposes upon the unit commander the duty to determine what the nature of the member's excuse is; and if that excuse is related to employment conflicts, to forward the case to the area commander. This is substantially what Lt. Beery did, although he did not designate Plaintiff's case as a "hardship case" when he forwarded the file. As this Court understands the applicable regulations, Lt. Beery's finding that Plaintiff's excuse was work related was a sufficient determination for purposes of C9AR 135–91, Paragraph 12e2, and he was not obligated beyond that to consider the particulars of Plaintiff's case. The regulation only requires a "determination", and this does not entitle the reservist to a full-blown, judicial style hearing, Antonuk v. United States, 445 F.2d 592, (6th Cir. 1971); Sledjeski v. Commanding Officer, 336 F.Supp. 987 (D.Conn. 1972).

■ The Court cannot agree with Plaintiff's position that the unit commander's duty to inquire into the sufficiency of a member's excuse is affected by whether or not Plaintiff received communications sent by the Army advising him of his absences. Although lack of notice is a factor to be considered in a determination of whether an absence should be excused—Schatten v. United States, supra—this is not true when, as here, the Plaintiff's lack of notice was due to his own doing rather than that of the Army. The unit commander in this case complied with the regulation requiring him to send a letter by certified mail notifying Plaintiff of each unexcused absence; C9AR 135–91, Paragraph 12E1A. That Plaintiff did not receive all of the letters that were sent was clearly due to circumstances over which he and not the Army had control. It was Plaintiff's obligation, under the Certificate and Acknowledgment of Service Requirements which he signed, to keep the commander advised of his current mailing address; it appears that Plaintiff failed to do so.

■ Even if military officials in this case did fail to comply with applicable regulations, which this Court finds was not the case here, it appears that Plaintiff was not prejudiced by such noncompliance because he did avail himself of his right to appeal the recommendation of Lt. Beery that he be activated. It has been held in this circuit that noncompliance with military regulations is cured by the fact that the reservist submits an appeal and the appeal is considered; Antonuk v. United States, supra. Here the Plaintiff submitted on appeal all of the arguments relative to his absences which he claims Lt. Beery refused to hear. That appeal was unsuccessful.

From the evidence presented, the Court concludes that the Plaintiff has not been denied procedural due process in having been ordered into active duty. Accordingly, the defendant's motion to dismiss the complaint is granted.