Jerry L. HERRICK

v.

Robert E. CUSHMAN, Jr., Commander of the United States Marine Corps.

No. 74-4-Civ-4.

United States District Court,
E. D. North Carolina,
New Bern Division.

July 29, 1974.

William S. Geimer, of Smith & Geimer, P.A., Fayetteville, N. C., for plaintiff.

Thomas P. McNamara, U.S. Atty., by Carl L. Tilghman, Asst. U.S. Atty., Raleigh, N. C., for defendant.

MEMORANDUM OPINION
and ORDER

LARKINS, District Judge:

This cause is before this Court on defendant's motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon

which relief can be granted, filed June 5, 1974. No response has been filed by the plaintiff to defendant's motion. Plaintiff, Jerry L. Herrick, in his complaint requested a writ of habeas corpus ordering his release from active duty in the Marine Corps and restoration to Ready Reserve status. By order of this Court on May 6, 1974, plaintiff's request for writ of habeas corpus was denied because plaintiff was not within the custody of the armed forces, having never reported to active duty as ordered by the Marine Corps.

Plaintiff's official personnel records indicate that on January 23, 1972 the plaintiff failed to attend two reserve drills. He was given the opportunity to make up those drills, but did not do so. On April 22 and 23, 1972, the plaintiff failed to attend four reserve drills, for which make up drills were not authorized. Again, on May 20 and 21, 1972, the plaintiff missed four reserve drills for which make up drills were not authorized. His records further indicate that on October 7 and 8, 1972, the plaintiff again missed four reserve drills for which make up drills were not authorized.

On November 9, 1972, plaintiff's commanding officer warned him by certified mail that he was an unsatisfactory participant in the Reserve Program and that the commanding officer intended to recommend him for involuntary active duty. Plaintiff was given until November 20, 1972 to submit any statement he would like in his own behalf concerning his recommended involuntary call to active duty. There is no record of plaintiff's having submitted such a statement. On January 5, 1973 the plaintiff was informed of the commanding officer's recommendation that plaintiff be called to active duty and was given a second opportunity to submit a statement in his own behalf concerning this recommendation. Plaintiff was later ordered to report for 17 months involuntary active duty at Camp Lejeune, North Carolina, beginning on March 22, 1973. The plaintiff failed to report as ordered and is currently an absentee wanted by the armed forces.

Under 10 U.S.C. sec. 673(a), plaintiff can be involuntarily activated due to unsatisfactory participation in the Reserve. Marine Corps Order P1001 R.43, June 19, 1964, is the specific Marine Corps Regulation under which a Marine reservist can be involuntarily activated. Plaintiff's failure to attend several drills is sufficient basis under those regulations for his commanding officer to recommend that he be assigned to involuntary active duty. Plaintiff was warned by registered mail of his unsatisfactory participation in the Ready Reserve on November 9, 1972 and on January 5, 1973. In both notices, plaintiff was given an opportunity to respond in his own behalf.

Plaintiff's allegations that his commanding officer failed to comply with Marine Corps regulations are conclusory and fail to state how Marine Corps regulations were not complied with. Plaintiff alleges that the Commanding Officer of his reserve unit abused his discretion in denying plaintiff the chance to make up drills which were routinely afforded to other members of his reserve unit. Plaintiff ignores the fact that he was given an opportunity to make up two drills which he missed on January 23, 1972, which in themselves form a sufficient basis for his activation. In light of plaintiff's failure to make up two drills which he missed on January 23, 1972, plaintiff's allegations that his commanding officer abused the discretion afforded him under Paragraph 2100 of Marine Corps Order P1001 R.43 appear to lack any merit.

■ Plaintiff's broad, unsubstantiated allegations of denial of procedural due process and failure to comply with applicable regulations are not sufficient for this Court to interfere with the internal affairs of the Marine Corps. Plaintiff's activation was the result of

the exercise of discretion by his commanding officer; and since there are no specific allegations of failure to comply with Marine Corps regulations, this administrative decision is not subject to civilian judicial review. See Ansted v. Resor, 437 F.2d 1020 (7th Cir. 1971), cert. denied sub nom. Ansted v. Froehlke, 404 U.S. 827, 92 S.Ct. 61, 30 L.Ed.2d 56, reh. denied 404 U.S. 960, 92 S.Ct. 306, 30 L.Ed.2d 278 (1971); O'Mara v. Zebrowski, 447 F.2d 1085, 1090 (3rd Cir. 1971).

■ Plaintiff himself failed to take advantage of his rights to due process and equal protection by failing to submit any evidence in his own behalf in written form. See Ansted v. Resor, *supra*; Crotty v. Kelly, 443 F.2d 214 (1st Cir. 1971). A reservist has no right to a formal hearing when faced with an involuntary call to active duty due to unsatisfactory performance. See *Ansted v. Resor, supra;* Antonuk v. United States, 445 F.2d 592, 594 (6th Cir. 1971); Mickey v. Barclay, 328 F. Supp. 1108 (E.D.Pa.1971).

■ In addition, plaintiff has not exhausted his administrative remedies under 10 U.S.C. sec. 938. If the plaintiff considered that his Commanding Officer had committed error or injustice in regard to the recommendation that he be involuntarily activated, his remedy was to file a Complaint of Wrongs in accordance with Article 138 of the Uniform Code of Military Justice. Article 138 must be exhausted before collateral attack in federal court on continued military custody over the plaintiff. United States ex rel. Berry v. Commanding General, 411 F.2d 822 (5th Cir. 1969); Salcedo v. Lauer, 430 F.2d 1282 (10th Cir. 1970); Levy v. Dillon, 286 F.Supp. 593, 595 (D.Kan.1969), aff'd 415 F.2d 822 (9th Cir. 1969). See also Karpinski v. Resor, 419 F.2d 531 (3rd Cir. 1969); Schatten v. United States, 419 F.2d 187, 191 (6th Cir. 1969).

Now therefore, in accordance with the foregoing, it is

Ordered, that defendant's motion to dismiss be, and the same is, hereby allowed, and

Further ordered, that this case be, and the same is, hereby dismissed, and

Further ordered, that the Clerk serve copies of this order upon counsel of record.

Let this order be entered forthwith.