**Angelo J. RUSSO, Petitioner,**

v.

**Lt. Lawrence T. LUBA (Pennsylvania Nat'l Guard) et al., Respondents.**

**Civ. A. No. 75–798.**

United States District Court,
W. D. Pennsylvania.

Sept. 23, 1975.

Gustave Diamond, Pittsburgh, Pa., for petitioner.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for respondents.

## OPINION

GOURLEY, Senior District Judge.

This is an application for a writ of habeas corpus, temporary restraining order and preliminary injunction brought by the petitioner, Angelo J. Russo, pursuant to 28 U.S.C. § 2241. The petitioner, Angelo J. Russo, is a former member of the Pennsylvania Army National Guard and claims to have been improperly ordered to active duty due to his failure to satisfactorily participate in scheduled training drills. More specifically, petitioner alleges that the action of respondents in ordering him to active duty was in violation of his rights to administrative due process, were arbitrary and capricious, and were the result of discriminatory, biased and prejudiced conduct by the petitioner's commanding officer against the petitioner. The Court has afforded the parties a full and complete hearing and has considered all the testimony and arguments of counsel and must conclude that petitioner's prayer for relief must be denied.

The facts may be briefly stated. Petitioner was a member of the Pennsylvania Army National Guard by virtue of his enlistment in the Guard on June 26, 1969, for a period of six years. Each member of the National Guard is required to participate satisfactorily in at least forty-eight scheduled drills and fifteen days of annual training per year during his enlistment obligation. One National Guard drill consists of a four hour training period referred to as a unit training assembly (UTA). A multiple unit training assembly (MUTA) is a combination of unit training assemblies. Any member who fails to attend any portion of a MUTA is charged with one absence for each UTA equivalent not attended. Petitioner had accumulated two (2) unexcused absences as of July 20, 1974 and his failure to attend the scheduled drills of August 17th & 18th, 1974 gave him a total of six (6) unexcused absences which caused him to be ordered for active duty pursuant to AR 135–91. Petitioner appealed this decision through the available appeal procedures yet each time the decision ordering him to active duty was upheld.

The Court in reviewing this appeal is limited to determining whether or not the military has complied with its regulations in ordering petitioner to active duty: *U. S. v. Greer*, 394 F.Supp. 249 (D.Ct.N.J.1975). Discretionary administrative decisions of military authorities consistent with the procedures mandated by military regulations are not subject to review. *O'Mara v. Zebrowski*, 447 F.2d 1085 (3rd Cir., 1971). Petitioner admits that he was well aware of the provisions of his enlistment contract when he signed the same, which provided that he could be sent on active duty if he failed to participate satisfactorily by accruing in any one year period a total of five or more unexcused absences from scheduled unit training assemblies. Petitioner does not dispute the fact that he did not attend the scheduled drills of August 17th and 18th, 1974, nor does he contend that he was denied any procedural rights or that the military did not comply with their regulations and procedures before ordering petitioner to active duty.

Instead, petitioner contends that he had a valid doctor's excuse indicating that he was unable to attend the training session scheduled for August 17, 1974 and that it was arbitrarily and capriciously disregarded by petitioner's commanding officer. The law is well settled that determinations of validity or invalidity of excuses for absences from scheduled drills are vested within the sound discretion of the military authorities and that an allegation that a petitioner's unit erroneously refused to accept valid excuses is not properly before the Court. *Byrne v. Resor*, 412 F.2d 774 (3rd Cir., 1969); *Mickey v. Barclay*, 328 F.Supp. 1108 (E.D.Pa.1971).

In view of the foregoing the Court is satisfied that in so ordering the petitioner to active duty the military authorities complied with the provisions

of the applicable regulations and that no irreparable harm will inure to petitioner.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 23rd day of September, 1975, plaintiff's application for a writ of habeas corpus, temporary restraining order and preliminary injunction is hereby denied.