Anthony J. KUDLEY, Plaintiff-Petitioner,

v.

Captain Ernest HOLLO, Jr., et al., Defendants-Respondents.

No. C76–838.

United States District Court, N. D. Ohio, E. D.

Sept. 28, 1976.

James M. Kersey, Cleveland, Ohio, for plaintiff-petitioner.

Kevin P. Connolly, Asst. U. S. Atty., Cleveland, Ohio, for defendants-respondents.

## TEMPORARY RESTRAINING ORDER AND ORDER FOR RETURN ON PETITION FOR HABEAS CORPUS

MANOS, District Judge.

On August 13, 1976 the plaintiff-petitioner, an army reservist, initiated this action against the defendants army officers challenging his orders to report for active duty on August 19, 1976. The complaint predicated jurisdiction upon 28 U.S.C. § 1331, the Fourth and Fifth Amendments to the United States Constitution and "other rights secured by the laws of the United States." Paragraphs seven and eight of the Complaint allege:

"During the months of February 1974 thru November 1974, plaintiff herein attended the mandatory and scheduled Army Reserve meetings with the defendant, 682nd Heavy Maintenance Co., and was permitted with the consent and agreement of his immediate supervisor in said unit to be authorized absences from scheduled meetings of said unit. During said period of time plaintiff was charged incorrectly with unexcused absences that had been approved and agreed to be charged as excused absences which were to be made up by equivalent training at other times and dates during the said period. From February 1974 thru October 1974 plaintiff's whereabouts, address and telephone number were known to defendants. Defendants never personally contacted plaintiff, during said period, to inform and counsel him as to the cumulative number of unexcused absences being charged therefore. Throughout said period, Anthony J. Kudley was never given an orientation talk by defendant, Captain Harold Wilson, his agents, servants or employees as required by AR 135–91 nor did plaintiff sign a statement indicating he had been informed of the Reserve obligations contained in AR 135–91 and as required therein. On or about the November Reserve meeting scheduled in 1974 plaintiff indirectly heard that he had

been ordered to involuntary active duty for accumulating 5 or more unexcused absences in violation of AR 135–91 without prior notice or counselling from defendants. Plaintiff thereupon immediately requested and attempted to discuss his being ordered to involuntary active duty with defendant, Captain Harold Wilson, but was denied this request.

"On or about the 10th day of January 1975 plaintiff received a notice from defendant, Captain Harold Wilson, indicating that plaintiff was being ordered to involuntary active duty and once again plaintiff attempted to review this matter with defendants but was, once again, denied. Subsequently, plaintiff was notified, on or about March 28, 1975, that he was being recommended for involuntary active duty for unexcused absence from unit training assemblies and had 15 days from receipt thereof to appeal this recommendation. Plaintiff thereupon filed a timely appeal but was not allowed discussion of the matter with defendants, their agents, servants or employees. On or about August 9, 1976 plaintiff received an order to active duty from defendant, Commander United States Fifth Army, for a period of 14 months and 15 days beginning on August 19, 1976 . . . ."

The complaint charges that the defendants violated Kudley's Fourth and Fifth Amendment rights in summarily ordering him to involuntary active duty, and prays for $200,000 damages as well as a preliminary injunction prohibiting the enforcement of the involuntary active duty order. Kudley's Motion for a Preliminary Injunction was filed contemporaneously with the Complaint.

█ On August 31, 1976 Kudley filed a Petition for Habeas Corpus, thus invoking this Court's jurisdiction under 28 U.S.C.

§ 2241, see, Strait v. Laird, 406 U.S. 341, 345, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), and he filed a Motion for Temporary Restraining Order pursuant to Fed.R.Civ.P. 65(b).

█ The Court finds that the plaintiff's Motion for a Temporary Restraining Order is meritorious, because he has alleged that the Army failed to follow its own regulations in issuing the order to involuntarily activate him and if that order is carried out, he will suffer irreparable injury before the merits of his claim can be determined. See, United States ex rel. Moravetz v. Resor, 349 F.Supp. 1182, 1183, 1184 (D.Minn.1972); Horn v. Musick, 347 F.Supp. 1307, 1309 (S.D.Ohio 1971); Schatten v. United States, 419 F.2d 187, 191–92 (6th Cir. 1969); Feeny v. Smith, 371 F.Supp. 319, 328–30 (D.Utah, 1973); McSweeney v. United States,[1] 338 F.Supp. 350, 354–55 (N.D. Ohio 1971) (Connell, J.); Fed.R.Civ.P. 65(b).

The Court orders that the defendants are temporarily restrained from involuntarily activating Mr. Kudley, and that counsel for the parties appear in Court, prepared for a hearing on the Motion for a Preliminary Injunction, on Friday, September 10, 1976, at 9:15 a. m. This Temporary Restraining Order will expire ten days after it is filed unless renewed by order of the Court or agreement of the parties. See, Fed.R. Civ.P. 65(b).

Because the plaintiff seeks a Writ of Habeas Corpus, the Court also orders the defendants to make a return certifying the true cause of the detention in accordance with 28 U.S.C. § 2243, within 23 days of the receipt of this order. At that time the defendants are also ordered to furnish the Court copies of all Army Regulations pertinent to this case. If the defendants seek an extension of time within which to file a return of the writ under Fed.R.Civ.P.

1. Counsel for the plaintiff has orally advised the Court that Mr. Kudley's wife is now pregnant, thus this case may be similar to *McSweeney, supra.* The Court expects that one issue to be considered at the hearing on the motion for a preliminary injunction is whether the Army performed its duty to investigate the impact of its decision on Mr. Kudley's family responsibilities. *See, McSweeney, supra* at 354–55; 10 U.S.C. § 673a(a), (c)(1). On the question of the individual officer's personal liability for damages, *see, Bivens v. Six Unknown F.B.I. Agents,* 403 U.S. 388, 395–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 28 U.S.C. § 1331, however this issue will not be litigated at the hearing on the preliminary injunction.

81(a)(2) they must file their motion for an extension within the above stated 23 day time limitation. Any motion for an extension of time within which to file a return of the writ must be accompanied by a detailed memorandum that states the reasons for the extension with particularity. Extensions will be granted only where good cause is affirmatively demonstrated. In no case will an extension be granted that causes the total time in which the return shall be filed to exceed 40 days from the receipt of today's order. *See*, Fed.R.Civ.P. 81(a)(2).

IT IS SO ORDERED.