Emilio **FEBUS NEVÁREZ,** Petitioner,

v.

James R. **SCHLESINGER, Secretary of Defense of the United States and the Commanding Officer of the Third U.S. Army,** Respondents.

**Civ. No. 492–73.**

United States District Court,
D. Puerto Rico.

April 27, 1977.

Otero Suro & Otero Suro, Hato Rey, P. R., for petitioner.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for respondents.

## OPINION AND ORDER

PESQUERA, District Judge.

Petitioner, a member of the U.S. Army Reserve Corps, was ordered into involuntary active duty after allegedly failing to attend five drills without excuse. Respondents' orders requesting induction have been challenged herein through a petition for injunctive relief, asserting, *inter alia,* that they are an illegal and arbitrary enforcement and application of the pertinent military laws and regulations.

Jurisdiction has been invoked under 28 U.S.C. 119, 1331, 1332 and 1391(e) together with the Fifth and Fourteenth Amendments to the Constitution of the United States, and because the matter in controversy allegedly exceeds $10,000.00.

### The Facts

Petitioner, Emilio Febus Nevárez, enlisted as a member of the U.S. Army Reserve Corps, Company B, 448th Engineer Battalion on February 12, 1969. On April 13, 1972 petitioner suffered what was termed by his physician a "severe muscular back sprain" and was directed to remain in bed for ten days. Said doctor gave him the corresponding medical certificate which was allegedly delivered by petitioner's father to Sgt. Angel M. Rivera, Unit Aide of the aforementioned Reserve Unit on April 13, 1972; nevertheless, Sgt. Rivera denied said asserted personal delivery.

Petitioner's Reserve Unit had military exercises scheduled for April 15 and 16, 1972. Petitioner did not attend said exercises, since he was in bed with a muscular back strain, and presumably, properly excused. However, he was marked present on April 15 and absent the 16th.[1]

During the month of October 1972, petitioner was assigned to a Supply Clerk's School located at Fort Buchanan, Puerto Rico, and was thus not required to attend for some time to his unit's regularly scheduled military training periods. Some months before, petitioner had moved to a new address and had filed the corresponding forms, notifying this fact to his Unit Administrative Aide. During the period of April—September 1972 three letters were sent to petitioner advising him of the progressive accrual of absences. It is alleged that the second of said letters was never received by petitioner and that upon delivery of the third, he immediately proceeded to visit his unit in order to straighten out his record. Said record was subsequently adjusted, but it still reflected an accrual of five absences. On October 20, 1972, without petitioner's knowledge, his Unit Commander recommended that he be ordered into active duty. Said orders were issued on December 14, 1972, without notifying petitioner of the same, or affording him copies thereof. Moreover, the Unit Commander did not make any determination or investigation of whether any cogent or emergency reasons existed that justified any of the absences.

On January 31, 1973, while petitioner was visiting his unit, he was informed for the first time of the orders for active duty. Upon learning of said orders, petitioner immediately contacted his superiors and made efforts to vacate the same. After said efforts failed, he filed an appeal to the Commander of the USAR Components Personnel and Administration Center, which appeal was dismissed on May 8, 1973. The present action was thereupon filed and a temporary restraining order issued, which has been in effect to date pursuant to an agreement between the parties.

*The Law*

■ Defendants initially contend that this Court lacks jurisdiction under the doctrine of sovereign immunity and because plaintiff has failed to establish that the amount in controversy exceeds $10,000. We disagree. It has been clearly established that federal courts have jurisdiction to review claims which allege that the Armed Services have failed to follow their own regulations. *U. S. ex rel. Sledjeski v. Commanding Officer, Armed Forces,* 2nd Cir., 478 F.2d 1147; *Hammond v. Lenfest,* 2nd Cir., 398 F.2d 705; *Hodges v. Callaway,* 5th Cir., 499 F.2d 417, reh. den. 503 F.2d 567; *Kurlan v. Callaway,* 2nd Cir., 510 F.2d 274; *Smith v. Resor,* 2nd Cir., 406 F.2d 141; *O'Mara v. Zebrowski,* 3rd Cir., 447 F.2d 1085; *White v. Callaway,* 5th Cir., 501 F.2d 672, reh. den. 503 F.2d 1403; *Hoersch v. Froehlke,* 3rd Cir., 382 F.Supp. 1235; *Keister v. Resor,* D.C.Pa., 343 F.Supp. 203, affd. 462 F.2d 471, cert. den. 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 151; *U. S. ex rel. Joy v. Resor,* D.C.Vt., 342 F.Supp. 70; *Myers v. Parkinson,* D.C.Wis., 398 F.Supp. 727; *Knehans v. Callaway,* D.C.D.C., 403 F.Supp. 290. We further find the jurisdictional amount properly pleaded. Accordingly, we hold that jurisdiction has been properly invoked.

The law applicable in the present action is contained in 10 U.S.C. 673(a) and Army Regulation 135–91. Paragraph 12(e) of the latter provides as follows:

"e. In addition to the orientation requirements specified in paragraph 13, the unit commander will—

(1) Insure that following each scheduled training assembly (UTA or MUTA) from which a member is absent without authority, but prior to the next scheduled training assembly except as provided in (2) below—

(a) The member is contacted in person, if practicable, and furnished with a letter of instruction (prepared locally) outlining his obligation to participate

---

1. The Unit Officer later admitted that he did not take roll call on such days.

satisfactorily, stating the number of absences he has accrued and explaining the implications of additional unexcused absence from training.

(b) If he is unable or it is impracticable to establish personal contact, the member is furnished the letter of instruction by certified mail, delivered to addressee only, return receipt requested.

(c) A copy of the letter of instruction and the Post Office receipt, if applicable, are filed in the member's Military Personnel Records Jacket as permanent documents.

(2) If the absence(s) charged will result in a total accrual of five or more unexcused absences in a 1-year period, *determine if any cogent or emergency reasons existed which prevent the member from attending.* If no such reasons existed, he will forward the member's Military Personnel Records Jacket to the appropriate area commander or State adjutant general requesting that he be ordered to active duty as prescribed in 'a' above." (emphasis ours)

The evidence shows that petitioner's Unit Commander did not comply with the aforecited regulation, inasmuch as no investigation was effectuated of whether "cogent" or "emergency" reasons existed that would account for such absences. Moreover, it appears that petitioner found out about the orders for involuntary active duty only by chance. He alleges that he was not notified of the same, and respondents failed to produce a copy of said notification or of the return receipt of the letter of notice, if any.

■ This Court is aware that the statutory scheme of judicial review precludes us from entertaining actions which challenge discretionary military decisions made within a valid jurisdictional range. *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842. Nevertheless, when, as in this case, the Army fails to follow its own regulations, we must reverse, unless no prejudice

has been caused to petitioner. *Feeny v. Smith,* D.C.Utah, 371 F.Supp. 319. In the instant case, said prejudice is present.[2] Accordingly, his due process rights were violated. *Hall v. Fry, supra; Feeny v. Smith, supra; Smith v. Resor,* 2nd Cir., 406 F.2d 141 (1969); *Tobizyck v. U. S.,* D.C.Mich., 381 F.Supp. 345 (1974); *Herrick v. Cushman,* D.C.N.C., 379 F.Supp. 1143 (1974); *Horn v. Musick,* D.C.Ohio, 347 F.Supp. 1307 (1971). See also *O'Mara v. Zebrowski, supra; Schatten v. U. S.,* 7 Cir., 419 F.2d 187 (1969); *Russo v. Luba,* D.C.Pa., 400 F.Supp. 370 (1975); *Alston v. Schlesinger,* D.C. Mass., 368 F.Supp. 537 (1974), affd. 502 F.2d 1160; *Homfeld v. U. S.,* D.C.Mich., 353 F.Supp. 862 (1972); *U. S. ex rel. Moravetz v. Resor,* D.C.Minn., 349 F.Supp. 1182 (1972); *Caruso v. Toothaker,* D.C.Pa., 331 F.Supp. 294 (1971).

In view of the foregoing, it is hereby

ORDERED that respondents, their successors and agents and/or employees, subordinate officers and attorneys be and are hereby enjoined and restrained from ordering petitioner Emilio Febus Nevárez into involuntary active duty for the reasons and in the manner expressed hereinabove.

The Clerk shall enter judgment accordingly.

2. The mere fact that petitioner pursued an appeal in which he could ostensibly "excuse his absences" cannot become a substitute for the regulations. *Hall v. Fry,* 10th Cir., 509 F.2d 1105.