Jeffrey D. REINHARD, Petitioner,

v.

Major General Paul F. GORMAN et al., Respondents.

Civ. A. No. 79–0046.

United States District Court,
District of Columbia.

March 9, 1979.

David Goren, Michael Maggio, Washington, D.C., for plaintiff.

Mark J. Biros, Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

GESELL, District Judge.

Petitioner has filed for a writ of habeas corpus seeking his release from the Army based on conscientious objection. His application for a discharge was denied by the military after it conducted a full and proper series of investigations and hearings. No procedural error is claimed to have occurred during these proceedings. The matter is now before the Court on the administrative record and the sole issue presented is whether there exists any factual basis for the decision of the Conscientious Objector

Review Board ("Board") which was adverse to the petitioner. *See Witmer v. United States,* 348 U.S. 375, 379–83, 75 S.Ct. 392, 99 L.Ed. 428 (1955); *Bortree v. Resor,* 144 U.S. App.D.C. 300, 445 F.2d 776 (1971); *Nurnberg v. Froehlke,* 489 F.2d 843 (2d Cir. 1973).

The applicable regulations read, in pertinent part, as follows:

[R]equests for conscientious objector classification after entering military service will not be favorably considered when: (1) Based on conscientious objection which existed and satisfied the requirements for classification as a conscientious objector . . . , but which was not claimed prior to . . . enlistment . . . . . However, claims based on conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered.

.    .    .    .    .

(3) Based solely upon considerations of policy, pragmatism or expediency. . . .

.    .    .    .    .

(5) Based upon insincerity.
AR 600–43, ¶ 1–4a.

Present Army policy does not allow applicants who held their beliefs prior to entry into military service to be discharged or reclassified, but does extend to those who have had a real change (or development) of belief since then. The difficulty here comes when the applicant has not undergone any sudden, easily identifiable experiences or exposure to new ideas, but may have matured gradually in such a way that old beliefs have new meanings in his/her life (crystallization). AR 600–43 Appendix C– Informal Guide for the Investigating Officer, ¶ C–2d.

Under these provisions, this case presents two principal issues of fact:

(1) Is petitioner sincere when he now asserts that he is opposed to war in any form?

(2) If so, did petitioner hold that view prior to the time he volunteered for military service or did that view crystallize and become fixed only after his entering upon his military duties?

■ The Court's role in a case of this nature is highly circumscribed. Generally, the courts show "extreme reluctance to interfere" in matters of military personnel where the military has lawfully exercised its discretion. *Dilley v. Alexander,* No. 77–1789 (D.C. Cir., Feb. 26, 1979). When the military has denied an application for conscientious objector status, such a decision may be overturned only if it rests upon no basis in fact. *Bortree v. Resor, supra,* 144 U.S.App.D.C. 300, 445 F.2d at 778 n.1, 781. In making such a determination, however, the Court must thoroughly examine the record and carefully scrutinize the logic and reasoning of the Board. *See Bortree v. Resor, supra.* Following such a review in this case and considering the briefs and arguments of counsel, the Court finds no factual basis for the Board's finding that petitioner lacks the requisite sincerity or for its conclusion that petitioner's conscientious objection to all war was completely fixed prior to his enlistment.

■ Petitioner is a college graduate who has, in response to intense questioning, meticulously and explicitly described his present beliefs. Many officers and others who have listened to him in the course of the processing of his application for release noted their belief that he was—perhaps misguided, immature or confused—but, nonetheless, sincere. *See Goldstein v. Coleman,* 339 F.Supp. 357, 365 (D.S.C.1972). A lack of philosophical depth to one's beliefs cannot be equated with insincerity of belief. In addition, the Board has pointed to no basis in fact to doubt that petitioner's current convictions meet the standards for conscientious objection set out in AR 600–43, ¶ 1–3a. & b.

■ Some who reviewed petitioner's case cast doubts upon his sincerity because his views came to light coincident with his transfer to Germany to a tactical unit and to an atmosphere of ready combat, particularly since petitioner has made clear his

preference for duty in a "field station" where he feels he could better develop his skills as a translator. This, coupled with his having voluntarily entered the Army and his failure to object to the handling of weapons during his training, raised questions in the mind of the Board. The insincerity of personal beliefs, however, is a wholly subjective matter. It cannot be established on the basis of mere suspicion or surmise. *See Dickinson v. United States*, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953); *Shaffer v. Schlesinger*, 531 F.2d 124, 128 (3d Cir. 1976); *Bortree v. Resor, supra*. The Board's doubts go no further than that and therefore do not provide the requisite "hard, reliable, provable, facts . . . ." *Shaffer v. Schlesinger, supra*, 531 F.2d at 128.

Thus, the question is presented whether petitioner held his current beliefs before enlistment or whether they became crystallized only after experiencing the rigors of his assignment in Germany. Petitioner admits that, prior to enlistment, he had been opposed to the Vietnam War and, through his reading (particularly of Ayn Rand), had developed an opposition to the initiation of force by one individual against any other and entertained a generalized distaste for war. On the other hand, prior to enlistment petitioner also thought that it was moral to defend one's self and country when either was attacked. In general, his views about war at that time were somewhat tentative and confused. It is clear that, were these beliefs all that petitioner now held, they would not meet the requirements set out for conscientious objector status in AR 600–43, ¶ 1–3a., b. & h.

Enticed by the benefits of enlistment, a job, travel, and language training, petitioner enlisted in 1976. He was given language and other training by the Army and was then stationed with a tactical unit in Germany. It was only after spending some time in that country that he came to feel that all war, offensive or defensive, is wrong. As a result, petitioner now opposes the use of force of any kind. He points to the all-pervasive military atmosphere in Germany, the constant state there of military preparedness, and his having to use an M60 rifle as factors which made his views crystallize and become fixed. Although the record is equivocal in some respects, there is no clear-cut fact or action of petitioner which can be relied on to support the Army's contrary interpretation. Petitioner's beliefs have undergone a significant change since enlistment and, accordingly, his beliefs prior to enlistment do not supply a basis, under AR 600–43, ¶ 1–4a(1), for not recognizing his present new and fixed position of conscientious objection. Petitioner's status as a conscientious objector must, therefore, be recognized.

The writ shall issue releasing petitioner from further military service.

SO ORDERED.