**Terry L. RENICKER, Plaintiff,**

v.

**John O. MARSH, Jr., United States Secretary of the Army, Defendant.**

**No. C85–3117A.**

United States District Court,
N.D. Ohio, E.D.

Aug. 13, 1986.

Arthur B. Cunningham, New Philadelphia, Ohio, for plaintiff.

William J. Kopp, Asst. U.S. Atty. Gen., Cleveland, Ohio (Lt. Col. Joyce E. Peters and Maj. Thomas R. Folk, Office of the Judge Advocate General, Washington, D.C.), for defendant.

## ORDER

BELL, District Judge.

On October 18, 1985, the plaintiff Terry L. Renicker filed the above-entitled action against the United States Army. Renicker, a former serviceman, challenges the Army's determination that the loss of his eye was not in the line of duty but instead a result of his own misconduct. In this action the plaintiff requests that this court review the administrative proceedings conducted by the Army and thereafter have a trial *de novo* with a jury. The jurisdiction alleged is 5 U.S.C. § 706.

Renicker is a former Army private who is presently 40% disabled due to the loss of one eye. This injury occurred on May 15, 1982 during a barroom fight while the plaintiff was stationed in West Germany. This fight resulted in the plaintiff's being struck in the face with a beer mug by a fellow serviceman. Following this incident and injury, plaintiff's eye was surgically removed and he was shipped back to the United States. Thereafter, an Army Medical Evaluation Board determined that the plaintiff was no longer able to perform his physical duties as a serviceman and he was medically discharged.

The Army conducted a formal and informal "line of duty" investigation into the incident to determine if the plaintiff would be entitled to military disability benefits. As a result of these investigations the Army concluded that the plaintiff became injured because he was abusing alcohol and was willingly involved in the fight. The Army's official finding was that Renicker's injury was not in the line of duty but due to his own misconduct, and that he would not be entitled to benefits. At this time the plaintiff contends that he was denied the opportunity to cross-examine witnesses during the Army's investigation. In addition, Renicker claims that his injury was not his fault and that he was not an active participant in the bar fight but instead was an innocent victim.

The Government has filed a motion to dismiss the complaint on the ground that this court lacks subject matter jurisdiction to resolve this dispute. In addition, the Government has moved in the alternative for summary judgment on the basis that as a matter of law Renicker has failed to state a claim. The plaintiff has responded in opposition to these motions.

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is constrained to accept as true the allegations of a complaint. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723

(1983), *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1065 (6th Cir.1984). To dismiss the complaint against defendant, the court would have to find it beyond doubt that the plaintiff can prove no set of facts in support of its claim which would justify the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Federal district courts created under article III of the United States Constitution are courts of limited subject matter jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). A federal court's jurisdiction is derived from the Constitution, but Congress is empowered to decide the extent of original subject matter jurisdiction that is to be conferred upon the district courts. *Id.* As a result of this limitation, any action taken by a district court is only entitled to enforcement if the court has jurisdiction over the subject matter.

In light of the limitations placed on a district court's jurisdiction, the first issue which must be addressed by the court is whether subject matter jurisdiction is proper. Consideration of any other issue would be improper until the court has determined that jurisdiction is present in the action. *Tuck v. Pan American Health Organization*, 668 F.2d 547 (D.C.Cir.1981); *Memphis Am. Fed. of Tchrs., L. 2032 v. Board of Ed.*, 534 F.2d 699 (6th Cir.1976). The burden of proving that subject matter jurisdiction is present in the district court is upon the party asserting jurisdiction, which in this action would be the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

As a general rule, a federal district court has a limited scope of judicial review over the military's administrative findings. For this reason federal courts have been reluctant to exercise subject matter jurisdiction or interfere with an internal matter of the military so long as "the military has lawful-

ly exercised its discretion." *Reinhard v. Gorman*, 471 F.Supp. 112 (D.D.C.1979). Thus, the federal courts have given great deference to military boards of review when a plaintiff's claim concerns the conduct of military affairs. *Owens v. Brown*, 455 F.Supp. 291 (D.D.C.1979). However, federal courts may exercise review of military decisions to determine if military regulations and procedures were followed, *Febus-Nevarez v. Schlesinger*, 440 F.Supp. 741 (D.C.P.R.1977), or to adjudge whether an official has acted outside the scope of his authority. *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971). The Sixth Circuit Court of Appeal has expressed this doctrine as follows:

The primary rationale for the doctrine of nonreviewability of military decisions lies in the civil courts' "unwillingness to second-guess judgments requiring military expertise." *Mindes v. Seaman*, 453 F.2d 197, 199 (5th Cir.1971). In determining the applicability of the doctrine in any particular case, the threshold question must necessarily concern the nature of the decision sought to be reviewed rather than merely the identity of the decision-maker. In one sense, all decisions by military personnel are military in nature. But decisions which are made for non-military reasons involving no application of military expertise may well be outside the boundaries of the doctrine of nonreviewability.

Applying this doctrine to the facts alleged in this case, the court finds that rationale for nonreviewability is not applicable. The claims made by the plaintiff do not involve any application of military expertise such as whether the military could medically discharge him. Certainly the courts should not interfere with the Army's determination that Renicker is medically unfit to perform his duties as a serviceman. *See Reaves v. Ainsworth*, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225 (1911). Since the allegations in this action involve whether the process afforded the plaintiff at his disability claim hearing was adequate, no area of military expertise is involved. In-

stead, the plaintiff has asserted that he was denied the opportunity to examine and call witnesses on his own behalf. Therefore, at this stage of the proceedings and record, the court cannot, as a matter of law, find that the doctrine of nonreviewability is applicable.

The more salient issue regarding subject matter jurisdiction concerns whether the plaintiff's claim is within the exclusive jurisdiction of the Court of Claims. The Tucker Act, 28 U.S.C. § 1491, provides the United States Claims Court with subject matter jurisdiction over claims which seek monetary damages from the government. *American Science & Engineering, Inc. v. Califano*, 571 F.2d 58 (1st Cir.1978); *Polos v. United States*, 556 F.2d 903 (8th Cir. 1977); *Metadure Corp. v. United States*, 490 F.Supp. 1368 (S.D.N.Y.1980). 28 U.S.C. § 1491(a)(1) provides as follows:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The federal district courts also have subject matter jurisdiction over the above stated claims; however, said jurisdiction is limited to claims which do not exceed $10,000. 28 U.S.C. § 1346(a)(2).

In this action, the plaintiff has requested that the Army commence paying him a monthly disability pension. When such a relief is being sought by an ex-serviceman, the courts have found that the $10,000 limitation on the district court's jurisdiction is exceeded. *Denton v. Schlesinger*, 605 F.2d 484 (9th Cir.1979); *Larsen v. Hoffman*, 444 F.Supp. 245 (D.C.D.C.1977).

Based upon the allegations contained in plaintiff's complaint, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2). Therefore, this action is hereby transferred to the United States Court of Claims. The court makes no de-termination on the merits of Army's motion for summary judgment since the jurisdiction over the actual dispute is with the Court of Claims.

IT IS SO ORDERED.